DOWSE *v.* GAYNOR.

1. ACCOUNTING—PARTNERSHIP—EQUITY—LACHES.

Where complainant bought a half interest in a mine in Mexico from defendant in 1887, under a partnership agreement contemplating the operation of the mine by defendant and the division of the profits with complainant, and wrote letters more or less frequently until 1901, at which time he ascertained defendant's whereabouts without difficulty, a bill for an accounting, filed subsequent to 1904, is barred by laches.

2. LIMITATION OF ACTIONS — RESIDENCE OF DEFENDANT — IGNORANCE OF PLAINTIFF.

A foreign plaintiff is not relieved from the force of the statute of limitations by his ignorance of the defendant's residence in this State.

3. SAME—STATUTE—APPLICATION—LAW OF FORUM.

    The statute of limitations in force in this State applies to actions brought here, rather than the statute of the place where the cause of action arose, or the parties formerly resided.

4. SAME—PARTNERSHIP ACCOUNTING—TIME TO SUE.

    The right of a partner to have an accounting is cut off in six years, unless the partnership agreement was under seal, and then in ten years.

5. SAME—FRAUDULENT CONCEALMENT—BURDEN OF PROOF.

    A complainant in a bill for a partnership accounting, seeking to avoid the statute of limitations by showing fraudulent concealment (section 9739, 3 Comp. Laws), and claiming that there was fraud in the inception of the contract from which mere silence thereafter amounted to concealment, has the burden of proving the alleged fraud.

6. SAME—FRAUD—DILIGENCE—NECESSITY.

    Section 9739, 3 Comp. Laws, suspending the statute of limitations in cases of fraudulent concealment, was not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by facts known, and parties must be held chargeable with knowledge of the facts which they ought, in the exercise of reasonable diligence, to have discovered.

Appeal from Delta; Stone, J. Submitted November 9, 1908. (Docket No. 106.) Decided November 30, 1908.

Bill by Thomas Dowse against Edward Gaynor for a partnership accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*A. W. Wolfe*, for complainant.

*F. D. Mead*, for defendant.

MCALVAY, J. Complainant filed his bill for an accounting with defendant upon all matters between them arising under what complainant claims was a copartnership agreement relative to the purchase from defendant of a one-half interest in a silver and lead mine in Sonora, Mexico, for the sum of $1,250, May 10, 1887, and the development and operation of the said mine, claiming that the sale was brought about by fraudulent representations of defendant,

and that the money paid was not used as agreed, but was appropriated by him and not accounted for, also claiming that defendant's whereabouts have for many years been unknown to complainant until 1904, when he located him at Escanaba, Mich. Defendant in his answer admits the sale made to complainant for $1,250, Mexican money, but that he actually received $1,000 lawful money of the United States. He denies any guaranty of this property by him, or any fraud or misrepresentation connected therewith. He alleges that he expended the money complainant paid, as agreed, together with $2,000 of his own money, in developing the mine, and that he so informed complainant in 1904. He claims that his legal residence has always been claimed by him to be at Escanaba. He denies any copartnership, and pleads the statute of limitations. Issue was joined, and the case was heard upon pleadings and proofs. A decree was entered denying complainant relief and dismissing his bill of complaint.

The theory of the complainant who asks this court to reverse this decree is (a) that a fiduciary relation was shown to have existed between these parties in this transaction; (b) that he has not been guilty of laches; (c) that his claim is not barred by the statute of limitations. The court in his opinion found against complainant upon these propositions.

Complainant testified that he made this purchase at Nogales, Ariz., after a very brief acquaintance with defendant. The evidences in writing of this transaction are the following memorandum of sale and agreement relative thereto, and a receipt for a mining lease to be recorded:

"Nogales, Arizona Territory, May 10, 1887.

"This agreement made this day between Edward Gaynor, of Nogales, A. T., party of the first part, and Thomas Dowse, of Duluth, Minn., party of the second part, witnesseth: That said party of the first part, in consideration of the sum of twelve hundred and fifty dollars ($1,250), receipt of which is hereby acknowledged, hereby sells, conveys and transfers to the second party an undi-

vided one-half interest in the ninety-nine (99) year lease dated Ja. 18, 1886, in the mine known as the Oakland, situated in the district of Magdalena, state of Sonora, Republic of Mexico. It being agreed that this one-half interest acquired by the party of the second part is to be free from any assessments whatever. That party of the first part further agrees to give general local supervision to the working of this mine, sales of product, etc., free of any charges, it being further agreed that work on this mine is to commence and continue at once.

"E. GAYNOR,<br>
"THOMAS DOWSE."

"NOGALES, A. T., May 10, 1887.

"Received of Thomas Dowse a mining lease for recording in Sonora, Mexico.

"E. GAYNOR."

Complainant says there was a written agreement given to him by defendant. This paper is lost. As to its contents, he testified that defendant was "to take charge of the mine, sell it, and make remittances and so forth. Full superintendency and care of the mine and make reports to me; sell the product; divide equally." Defendant gave testimony tending to sustain the allegations and denials of his answer. To give an abstract of the evidence in the case will not be useful, nor is it necessary. We agree with the trial court that no fiduciary relation has been established by complainant. In 1887 he made this purchase. He admits that he did not go and look at the property, although invited. From time to time he wrote defendant concerning the mine. The letters do not indicate that he claimed to be anything more than an owner of an interest in the property. Upon the question of his laches, as appears from the record, there can be no doubt. From 1887 to 1889 he wrote several letters, and received but few answers. He says he continued to write more or less frequently up to the year 1901. He does not show that before that year he used any diligence to ascertain the whereabouts of defendant, and it does appear that when he undertook to locate him he did so without

difficulty. It appears, also, that he never went to see the property.

We also find that the claim is barred by the statute of limitations. This is the view taken by the trial judge, with whose opinion upon the material facts we agree. The following portion of this opinion we quote:

"It seems to me that this is a stale claim, and one that is barred by the statute of limitations, in any view of the case which we can take. The defendant in his testimony claims that his residence has been in Escanaba, Mich., all the time since the making of the contract. This is not denied. But if defendant had a residence in Nogales, and moved to the City of Mexico (which is denied by him), and then returned to Escanaba even without the knowledge of the complainant, this would not operate to suspend the running of the statute. As was said by our Supreme Court in *Home Life Ins. Co.* v. *Elwell*, 111 Mich. 691:

" 'No provision of our statute relieves a foreign plaintiff from the force of the statute because he is ignorant that the defendants have removed to Michigan; it is only when defendants are absent from Michigan that the statute is arrested.'

"In that case suit was brought to recover a deficiency on a decree in the foreclosure of a mortgage executed in New Jersey. The court said:

" 'It is a uniform rule that the law of the forum applies, and therefore it is the statute of limitation in force in Michigan, and not that of New Jersey, which must govern. See 1 Wood on Limitations (2d Ed.), § 8; *Howard* v. *Coon*, 93 Mich. 442.'

"The bill was filed upon the theory that the parties were partners. If this relation were established, which in my judgment the evidence does not warrant, then under the rule in Michigan the claim is outlawed. The right of a partner to have an accounting is cut off in six years, unless the partnership agreement was under seal, and then in ten years. *Jenny* v. *Perkins*, 17 Mich. 28; *Near* v. *Lowe*, 49 Mich. 482. The complainant, however, claims that the statute of limitations does not apply because a trust relation existed between the parties, and because of section 9739, 3 Comp. Laws, which provides that, if any person shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, an action may be commenced at any time within two years after the

person who is entitled to bring the same shall discover that he has such an action. Is there any evidence of fraudulent concealment on the part of the defendant? We have already said that under the evidence no partnership is established—hence, no fiduciary relation. The parties dealt with each other at arms' length and as strangers. Under such circumstances the rule is well stated in 19 Am. & Eng. Enc. Law (2d Ed.), p. 253:

" ' When the basis of the action is some wrong other than a fraud, the fraudulent concealment which will work a postponement of the statute must be a concealment produced by affirmative acts or misrepresentations. A mere silence on the part of the defendant is not enough. The plaintiff must show some arrangement or contrivance on the part of the defendant, of an affirmative character, designed to prevent subsequent discovery. The rule in question prohibits the defendant from doing at any time anything to prevent the plaintiff from ascertaining subsequently to the transaction out of which the right of action arises the facts upon which it depends, either by affirmative action which conceals the truth, or by any device which avoids inquiry that would lead to a discovery. Where, however, the basis of the action is a fraud perpetrated by the defendant, the original fraud is regarded as a continuing affirmative act, and mere silence of the defendant is treated as a concealment.'

"I am aware that complainant claims that there was some such fraud in the inception of the contract, but I do not think that the evidence shows it. The burden is here upon the complainant. 19 Am. & Eng. Enc. Law (2d Ed.), p. 333. The property was at all times open to inspection. The complainant was in the first instance invited to visit it. This statute has been construed by the Supreme Court. In *Purdon* v. *Seligman*, 78 Mich. 132, the court says:

" ' The statute was not meant to help parties who take no pains to see what is before their eyes.'

"In *First Nat. Bank of Ovid* v. *Steele*, 146 Mich. 315, the court says:

" ' The statute was not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by facts known, and the plaintiff must be held chargeable with knowledge of the facts which it ought, in the exercise of reasonable diligence, to have discovered.' "

The opinion from which the above is quoted is long and exhaustive. All of the evidence is carefully reviewed and the correct conclusions found. It is not necessary to discuss any other questions referred to in complainant's brief.

The decree is affirmed, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.