BRADLEY v THE GLEASON WORKS

Docket No. 105024. Submitted November 3, 1988, at Lansing. Decided March 6, 1989. Leave to appeal applied for.

    Robert Bradley, an employee of General Motors Corporation, suffered severe injuries to his right hand and fingers on September 16, 1983, when they were caught in a machine he was operating while at work. The machine was owned by GMC and had been manufactured by The Gleason Works. Bradley filed suit against Gleason Works in 1986 in Ingham Circuit Court alleging that his injuries were the result of Gleason Works' negligence, breach of warranties, and improper warnings. On March 17, 1987, Bradley became aware that Gleason Works had sent GMC three letters between 1978 and 1981 offering to provide GMC with information concerning safety features which had become available, after the sale of the machine to GMC, for the machine on which Bradley was later injured. On May 14, 1987, Bradley filed suit against GMC alleging that it was responsible for his injuries. The two lawsuits were consolidated. The court, Michael G. Harrison, J., dismissed the complaint against GMC on the ground that the action was barred by the passing of the three-year period of limitation applicable to the action. Bradley appealed, contending that GMC fraudulently concealed information relative to the existence of his claim, thereby tolling the statute of limitations.

    The Court of Appeals *held:*

    As a general rule, for fraudulent concealment to postpone the running of a period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. An exception to this rule is that there is an affirmative duty to disclose where the parties are in a fiduciary relationship. GMC made no affirmative misrepresentations to plaintiff and there was no fiduciary relationship between plaintiff and defendant giving rise to a duty to disclose the letters from Gleason Works. Plaintiff failed to

REFERENCES

Am Jur 2d, Fraud and Deceit §§ 144-151; Limitation of Actions §§ 146-152.

Fraud, misrepresentation, or deception as estopping reliance on statute of limitations. 43 ALR3d 429.

show fraudulent concealment. The trial court correctly dismissed plaintiff's complaint against GMC.

Affirmed.

1. LIMITATION OF ACTIONS — FRAUDULENT CONCEALMENT.

A period of limitation may be tolled due to fraudulent concealment; as a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation; an exception to this rule is that there is an affirmative duty to disclose where the parties are in a fiduciary relationship (MCL 600.5855; MSA 27A.5855).

2. FRAUD — FRAUDULENT CONCEALMENT — SILENCE.

Silence alone is not enough to establish fraudulent concealment.

*Sablich & Associates, P.C.* (by *Joseph F. Sablich*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *William R. Schulz*), and *Mark R. Flora,* of Counsel, for General Motors Corporation.

Before: SAWYER, P.J., and BEASLEY and A. L. GILBERT,* JJ.

BEASLEY, J. Plaintiff, Robert Bradley, appeals as of right from an order dismissing his complaint against defendant General Motors Corporation on the ground that it was barred by the applicable statute of limitations. Plaintiff contends that GMC fraudulently concealed information relative to the existence of his claim, thereby tolling the statute of limitations. We disagree and affirm.

Plaintiff, an employee of GMC, alleged that on September 16, 1983, he suffered severe injuries to his right hand and fingers when they were caught in a machine[1] he was operating. The machine was owned by GMC and had been manufactured by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The machine is described as a Gleason No. 502 Test Stand.

defendant Gleason Works. Plaintiff filed suit against Gleason Works early in 1986. On March 17, 1987, plaintiff became aware that, between 1978 and 1981, Gleason Works had sent three letters to GMC offering to provide GMC with information concerning safety features that had become available after sale to GMC, including point of operation guarding, for the machine on which plaintiff was later injured. On May 14, 1987, plaintiff filed suit against GMC.

It is undisputed that the three-year limitation period provided by MCL 600.5805(8); MSA 27A.5805(8) is applicable to the case at bar. Since plaintiff did not file his lawsuit against GMC until approximately 3½ years after his accident, the trial court found his complaint to be time barred.

Plaintiff contends that GMC fraudulently concealed from him the existence of his cause of action against it by failing to disclose to plaintiff the existence of the three letters referred to above, thereby tolling the statute of limitations through the exercise of equitable estoppel. This doctrine of equitable estoppel was discussed in *Lumber Village, Inc v Siegler:*[2]

> "The doctrine of equitable estoppel, a judicially fashioned exception to the general rule which provides that statutes of limitation run without interruption, see *Klass* [*v Detroit,* 129 Mich 35, 39; 88 NW 204 (1901)] 'is essentially a doctrine of waiver' which 'serves to extend the applicable statute of limitations—by precluding the defendant from raising the bar of the statute', *Huhtala v Travelers Ins Co,* 401 Mich 118, 132-133; 257 NW2d 640 (1977). Equitable estoppel may be introduced to counter a statute of limitations defense so as 'to accomplish the prevention of results con-

---

[2] 135 Mich App 685, 698; 355 NW2d 654 (1984), quoting *Lothian v Detroit,* 414 Mich 160, 176-177; 324 NW2d 9 (1982).

trary to good conscience and fair dealing', *Mc-Learn v Hill*, 276 Mass 519, 524; 177 NE 617 (1931). Generally, to justify the application of estoppel, one must establish that there has been a false representation or concealment of material fact, coupled with an expectation that the other party will rely upon this conduct, and knowledge of the actual facts on the part of the representing or concealing party. See 28 Am Jur 2d, Estoppel and Waiver, § 35, p 640."

Further, the tolling of the statute of limitations due to fraudulent concealment is addressed by MCL 600.5855; MSA 27A. 5855, which provides:

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Concerning what is necessary to establish fraudulent concealment, the *Lumber Village* Court stated:

As a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. *Draws v Levin*, 332 Mich 447, 452; 52 NW2d 180 (1952); *Dowse v Gaynor*, 155 Mich 38; 118 NW 615 (1908); *Grebner v Runyon*, 132 Mich App 327; 347 NW2d 741 (1984); *Buszek v Harper Hospital*, 116 Mich App 650; 323 NW2d 330 (1982). An exception to this rule is that there is an affirmative duty to disclose where the parties are in a fiduciary relationship. *Barrett v*

*Breault,* 275 Mich 482; 267 NW 544 (1936); *Tompkins v Hollister,* 60 Mich 470; 27 NW 651 (1886). See, also, *Stetson v French,* 321 Mass 195; 72 NE2d 410 (1947), cited with approval in *International Union United Automobile Workers of America, AFL v Wood,* 337 Mich 8; 59 NW2d 60 (1953).[3]

Silence alone is not enough to establish fraudulent concealment.[4] And, although special knowledge on the part of the defendant may be a consideration in applying estoppel, it is just one of many possible factors which can be considered and does not obviate the necessity of establishing the element of false representation or concealment.[5]

Since it is undisputed that GMC made no affirmative misrepresentations to plaintiff, the issue boils down to determining whether a fiduciary relationship existed between the parties such that GMC was under an affirmative duty to disclose the existence of the letters to plaintiff. Plaintiff does not cite any authority for the proposition that an employer-employee relationship is fiduciary in nature or that GMC was under an affirmative duty to disclose the existence of the letters in question. While common-law principles might be said to have required GMC to warn, instruct, and inform its employees as to all dangers incident to the work which were not discoverable from ordinary observation by an inexperienced person,[6] that is a far cry from requiring GMC to inform all of its employees about the existence of possible safety devices. Further, although the Michigan Occupational Safety and Health Act[7] may have obligated

---

[3] *Lumber Village, supra* at 694-695.

[4] *Stroud v Ward,* 169 Mich App 1, 8; 425 NW2d 490 (1988); *Lumber Village, supra* at 698.

[5] *Lumber Village, supra* at 697.

[6] See *Lewis v Phelps,* 256 Mich 646, 651; 240 NW 60 (1932).

[7] MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.*

GMC to provide a safe and healthful work environment free of recognized hazards for its employees, this does not translate into a duty to disclose, particularly a duty to disclose letters of the type at issue here.

As there was no sort of fiduciary relationship between the parties giving rise to a duty to disclose the letters from defendant Gleason Works and as GMC made no affirmative misrepresentations, fraudulent concealment cannot be shown. The statute of limitations was not tolled. The trial court correctly dismissed plaintiff's complaint as time barred.

Affirmed.