In the Matter of Andrea
PHILLIPS, Debtor.

ROCHESTER HILLS CHRYSLER
PLYMOUTH, Plaintiff,

v.

Andrea PHILLIPS, Defendant.

Bankruptcy No. 91–09627–S.
Adv. No. 91–0999–S.

United States Bankruptcy Court,
E.D. Michigan, S.D.

March 16, 1993.

Elizabeth A. Silverman, Birmingham, MI, for plaintiff.

Richard F. Nahabedian, Southfield, MI, for defendant.

## OPINION DETERMINING DEBT TO BE DISCHARGEABLE

WALTER SHAPERO, Bankruptcy Judge.

Andrea Phillips ("debtor" or "defendant") leased a 1985 four-door Chrysler New Yorker from Rochester Hills Chrysler Plymouth ("plaintiff") on December 17, 1985. Defendant was required and did provide proof of insurance for the vehicle to plaintiff as an interested party, and apparently did do so for a while. The lease provided for payments of Three Hundred Ninety-nine and 25/100 ($399.25) Dollars a month, a residual value at the end of the lease of Six Thousand Five Hundred ($6,500.00) Dollars and payment of attor-

ney fees in the event of default. Defendant testified that the vehicle had been damaged in an automobile accident in March, 1989 in which she was at fault. Defendant also testified that the vehicle was not insured at the time of the accident. Defendant ceased making lease payments on the vehicle in May, 1990.

Defendant wrote to an employee of plaintiff on February 14, 1991 offering to continue to make payments and offering to allow the vehicle to be repossessed. Defendant had not attempted to contact plaintiff between March, 1989, the date of the accident and January or February, 1991.

Plaintiff obtained a judgment against defendant for lease payments in arrears as of April 16, 1991 in the amount of Eight Thousand Two Hundred Seventy and 75/100 ($8,270.75) Dollars; Six Thousand Five Hundred ($6,500.00) Dollars for the residual value of the vehicle which was in defendant's possession and attorney fees in the amount of Four Hundred Fifty–Four and 10/100 ($454.10) Dollars for a total judgment amount of Fifteen Thousand Two Hundred Eleven and 85/100 ($15,211.85) Dollars. Plaintiff proceeded to attempt collection of its judgment and received some nominal funds in satisfaction of various garnishments which were issued.

Defendant filed for relief under Chapter 7 of the Bankruptcy Code on August 28, 1991. At the September 13, 1991 meeting of the creditors pursuant to Section 341(a), defendant testified that the vehicle was still in her possession, locked in her garage.

On October 17, 1991, this Court entered a stipulated order for release of the vehicle to the plaintiff. The vehicle was severely damaged beyond repair and subsequently sold for scrap.

### Positions of the Parties

Plaintiff filed this adversary complaint pursuant to § 523(a)(2), (4) and (6) to determine the non-dischargeability of the debt owed by debtor.

Under § 523(a)(2) plaintiff asserts that debtor's silence (as to the lapse of accident and insurance coverage) constituted fraud since she was well aware of the potential harm in allowing her insurance to lapse and she made no attempt to contact plaintiff or to make or permit arrangements for alternate insurance coverage.

Under § 523(a)(4) plaintiff asserts that debtor was in possession of a vehicle which belonged to plaintiff for which she agreed to provide full insurance coverage during the period she was operating the vehicle. Plaintiff alleges that debtor, as the lessee of plaintiff's vehicle was in a fiduciary relationship with plaintiff and thus, had a "fiduciary duty" to advise plaintiff if, and when, she was unable to obtain insurance coverage so that plaintiff could insure the vehicle. Debtor failed to do so and breached her said fiduciary duty, and while plaintiff does not believe or argue that debtor truly "intended" to destroy the vehicle, in fact its property was destroyed and under these circumstances the debt is therefore non-dischargeable under § 523(a)(4).

Under § 523(a)(6) plaintiff asserts that debtor should not be able to discharge her debt to plaintiff because her said acts (or inactions) were "willful" and "malicious" acts (akin to conversion), in that they were done intentionally without cause or excuse, even absent proof of specific intent to injure.

Debtor asserts that the only Code provision to which plaintiff's complaint would appear to have any relevance is § 523(a)(2)(A). Debtor argues that under that provision plaintiff's complaint does not allege any action or non-action or any statement by debtor which would be considered fraud. As debtor admits that she did have and maintain full coverage insurance from the inception of the contract through August 28, 1988, and there is no evidence of any conversations between plaintiff and debtor between that date and the date of the accident on March 5, 1989, debtor argues that she in no way engaged in any acts constituting false pretenses, false representations or actual fraud in deceiving the plaintiff that insurance coverage was still in effect.

Debtor also argues that pursuant to § 523(d) she is entitled to a judgment for

costs and attorney fees sustained in defense of the action.

The parties waived a trial and submitted the matter for determination based on their respective briefs and the foregoing indicated facts which were stipulated to.

### Conclusions of Law

**(A) 11 U.S.C. § 523(a)(2)(A)**

The plaintiff seeks exception to discharge pursuant to § 523(a)(2)(A) which provides in relevant part:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(a) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

■ To succeed in a § 523(a)(2)(A) claim, the plaintiff must prove the following elements:

(1) defendant made a representation;

(2) defendant knew the representation to be false;

(3) it was made with the intent to deceive;

(4) plaintiff reasonably relied on the representation;

(5) the reliance was reasonable;

(6) plaintiff suffered a loss;

(7) the loss was proximately caused by debtor's conduct.

*In re Nahas,* 92 B.R. 726, 730 (Bankr. E.D.Mich.1988).

The plaintiff bears the burden of proof and must prove each element of its claim by the "preponderance of the evidence" standard. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In support of its § 523(a)(2)(A) claim, plaintiff relies upon holdings that a debtor's silence regarding a material fact can constitute a false representation actionable under § 523(a)(2)(A). *See In re Van Horne,* 823 F.2d 1285, 1288 (8th Cir.1987).

Debtor argues that plaintiff's complaint fails to allege any action or non-action by debtor that could constitute fraud. Debtor also contends that there is no evidence of any conversations between the parties between the execution of the contract and the date of the accident that would indicate debtor engaged in any false pretenses, false representations or active fraud with respect to whether the automobile insurance was in effect.

■ As to so-called "silent" fraud, the rule generally is that silence alone is not enough, but in addition there must exist a violation of some duty to disclose, arising for example, from a fiduciary relationship, or possibly in rare cases where special facts and circumstances give rise to an equitable duty of disclosure such as might, along with other facts, be involved in a situation where one party has superior knowledge that is not within the fair and reasonable reach of (or could not in the exercise of reasonable diligence be obtained by) the other party to the transaction. *See U.S. Fidelity & Guaranty Company v. Black,* 412 Mich. 99, 313 N.W.2d 77 (1981); *McMullen v. Joldersma,* 174 Mich. App. 207, 435 N.W.2d 428 (1988) citing *Jaffa v. Schacket,* 114 Mich.App. 626, 319 N.W.2d 604 (1982); *Bradley v. Gleason Works,* 175 Mich.App. 459, 438 N.W.2d 330 (1989).

■ As the Court points out later in this opinion there was no "fiduciary" relationship here as that term is used in relevant Code provisions. It should be kept in mind here that the alleged fraud occurred *subsequent* (and not incident) to the consummation of the lease relationship, and in fact during the course of that relationship. Debtor in fact did insure the vehicle for some years. There is no evidence to indicate plaintiff could not have readily determined the condition of the car or the existence or non-existence of insurance on it, at any time(s) it chose to do so.

To find a duty to disclose, the failure of which constitutes fraud in this case would be in effect to convert most breaches of existing contracts into fraudulent actions

precluding discharge—a result this court believes not to be one required or permitted under the Code.

Examination of the totality of the circumstances[1] thus leads this Court to conclude that plaintiff did not sustain its burden of proof by a preponderance of the evidence on the § 523(a)(2)(A) issue.

### (B) 11 U.S.C. § 523(a)(4)

The plaintiff also seeks exception to discharge pursuant to § 523(a)(4) which provides in relevant part:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Bankruptcy courts consistently hold that the fiduciary relationship contemplated by § 523(a)(4) is limited to express or technical trusts, not those implied by law such as debtor—creditor or agent—principal relationships. *See, In re Johnson*, 691 F.2d 249 (6th Cir.1982); *In re Koelfgen*, 87 B.R. 993, 996 (Bankr.D.Minn.1988); *In re Guy*, 101 B.R. 961, 983 (Bankr.N.D.Ind.1988); *In re McQueen*, 102 B.R. 120, 124 (Bankr. S.D.Ohio 1989).

■ Plaintiff alleges that debtor has a fiduciary duty to advise plaintiff if and when she was unable to obtain insurance coverage so that the plaintiff could insure the vehicle. However, courts hold that the requisite trust or a fiduciary relationship must exist before the transaction creating the contested debt and apart from it. *In re Paley*, 8 B.R. 466, 469 (Bankr.E.D.N.Y. 1981). It is not enough that the trust relationship spring from the act from which the debt arose. *Id.*

■ A lessee under a lease agreement who is responsible for payments to the lessor is not the type of "fiduciary" contemplated by the statute. Where there is no fiduciary relationship between the creditor and debtor, there can be no action for fraud or defalcation. The relationship between the parties was purely debtor/creditor, and therefore, § 523(a)(4) is not applicable.

### (C) 11 U.S.C. § 523(a)(6)

Plaintiff asserts that the debt is nondischargeable under § 523(a)(6), which states:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt—

(6) for willful and malicious injury by the debtor to another entity or to property of another entity.

The facts, of course, show that there has been "injury to the property of another." Thus, the question becomes whether the injury can be said to have been "willful and malicious" within the meaning of § 523(a)(6).

■ The resolution of this issue depends upon the interpretation given to the statutory terms "willful" and "malicious". Although the phrase "willful and malicious injury" has been a part of bankruptcy law since at least the Bankruptcy Act of 1898, it is not statutorily defined. *In re Druen*, 121 B.R. 509, 510 (Bankr.W.D.Ky.1990). The controlling case in the Sixth Circuit on the interpretation of these terms is *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987). *Perkins* defines "willful" as the "deliberate or intentional" commission of acts which necessarily produce injury. "Malice" is defined as a wrongful act, committed without just cause or excessive, even in the absence of personal hatred, ill-will or spite. Thus, the malice to which § 523(a)(6) refers is malice implied or imputed by law due to the nature of the act or omission; the fact that the act is, of itself, wrongful, constructively amounts to malicious intent. Accordingly, the court held that "a wrongful act done intentionally which necessarily

---

**1.** Courts have uniformly agreed that one must examine the totality of the circumstances, including circumstantial evidence and inferences drawn from a debtor's course of conduct, in ascertaining the existence of fraud or fraudulent intentions. *In re McCoy*, 114 B.R. 489, 499 (Bankr.S.D.Ohio 1990) citing *In re Eversole*, 110 B.R. 318 (Bankr.S.D.1990).

produces harm and is without just cause or excuse ..." would constitute a willful and malicious injury excepting debts created thereby from discharge. *Id.* at 394. Therefore, for a debt to be non-dischargeable under § 523(a)(6), it must be the consequences of a wrongful act which necessarily produces harm that was "done intentionally and without just cause or excuse." *Id.; In re DeVier,* 57 B.R. 602 (Bankr. E.D.Mich.1986); *In re Klix,* 23 B.R. 187 (Bankr.E.D.Mich.1982); *Wheeler v. Laudani (In re Laudani),* 38 B.R. 632 (Bankr. E.D.Mich.1984). Appeal decided by *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986).

▮▮▮ To be sure, one can say in the broad sense that a knowing breach of contract might produce adverse results to the other party, and that any reasonable person would understand that. However, the Bankruptcy Code demands more, and it is not present here. The record contains nothing about why or under what circumstances the insurance lapsed or was allowed to lapse. Absent more proof than is present here, plaintiff has not satisfied its burden under § 523(a)(6) and the debt is thereby dischargeable.

In view of the foregoing discussion, plaintiff's complaint to determine debtor's debt to be non-dischargeable under §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6) is hereby denied.

**(D) 11 U.S.C. § 523(d)**

Debtor asserts that pursuant to § 523(d) she is entitled to judgment in her favor for costs and attorney fees sustained in the defense of that part of this action brought under § 523(a)(2).

Section 523(d) provides as follows:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs

and fees if special circumstances would make the award unjust.

Section 523(d) was adopted in 1984 to provide protection to a consumer debtor that dealt honestly with the creditor who sought to have the debt excepted from discharge on the grounds of falsity in the incurring of the debt. *In re West,* 108 B.R. 157, 164 (Bankr.S.D.Ohio 1989). *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 131 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5917.

▮▮▮ The requisite elements of § 523(d) are: (1) a creditor's request for a determination of dischargeability; (2) a consumer debt; (3) the discharge of the consumer debt; and (4) lack of substantial justification. *In re Willett,* 125 B.R. 607, 609–610 (Bankr.S.D.Cal.1991). In addition, there is no statutory requirement that there be a trial on the merits. *Id.* at 610.

Clearly, debtor has satisfied the four (4) elements in this proceeding.

▮▮▮ The test which must be applied in determining whether to award fees is "whether under all the circumstances at the time of the filing of the complaint the plaintiff was substantially justified in filing the complaint and if not, are there any special circumstances that would make a § 523(d) unjust." *In re Kullgreen,* 109 B.R. 949, 953 (Bankr.C.D.Cal.1990). The element which causes the courts the most trouble is determining whether the complaint was "substantially justified." *In re Shurbier,* 134 B.R. 922, 927 (Bankr. W.D.Mo.1991). The proper test for this element is whether the "complaint had a reasonable basis in both law and in fact." *Id.* quoting *Willett* at 609.

▮▮▮ Plaintiff's complaint and trial brief show no substantial justification in law or in fact for the § 523(a)(2) dischargeability claims raised. The facts were stipulated and the law clear cut. Under these circumstances, a § 523(d) award is mandated.

Debtor's request for costs and attorney fees sustained in defense of this action to the extent properly and fairly allocated to that portion of the proceeding involving § 523(a)(2) is therefore granted. Debtor

shall contact the court clerk to schedule an evidentiary hearing to assist the Court in determining the amounts to be awarded.

IT IS SO ORDERED.