HARTFORD ACCIDENT & INDEMNITY CO. *v.* WELKE.

1. FRAUDULENT CONVEYANCES—CONCEALMENT—DISHONORED CHECKS —BANK TELLER—IMPUTED NOTICE—LIMITATION OF ACTIONS.
   In suit to impress a trust upon assets of wholesale frog leg business which had been transferred by maker of dishonored checks, where bank teller, charged with collection of the checks, knew of loss to bank but fraudulently concealed same from directors and officers without maker's participation in such concealment, teller's knowledge is imputed to bank and where suit was commenced more than six years after checks were cashed, decree against maker and his son, to whom the assets had been transferred in good faith, for a fair and adequate consideration, and in a regularly recognized manner, is affirmed (3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937; § 13983).

2. COSTS—BRIEFS.
   Costs on affirmance are allowed only to appellee who filed brief.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 9, 1943. (Docket No. 42, Calendar No. 42,194.) Decided October 11, 1943.

Bill by Hartford Accident & Indemnity Company, as assignee of Wyandotte Savings Bank, against Clarence R. Welke and others for an accounting, to establish a trust and equitable liens on property, and for an injunction. Decree for plaintiff against defendant Welke only. Plaintiff appeals. Affirmed.

*Mason, Davidson & Mansfield,* for plaintiff.

*James J. Hunt,* for defendant.

BOYLES, C. J.   Plaintiff, as assignee of Wyandotte Savings Bank, filed this bill in chancery against all of the defendants named as appellees herein, to recover about $31,000 embezzled from the bank by defendant Welke (its head teller). Besides Welke, the other defendants were joined originally on the theory that there was collusion or a conspiracy between the defendants, claiming that as a result the other defendants (aside from Welke) became liable to the bank for the amount of certain checks that had been cashed by Welke and later returned dishonored for lack of sufficient funds. Plaintiff had a decree against Welke for the full amount of its claim, and Welke has not appealed. Plaintiff's bill of complaint was discontinued as to defendants Viola and Lawrence LaCourse. The circuit court, after a hearing on the merits, dismissed the bill of complaint as to defendants Emil and Richard Neuenfeldt, and from this dismissal plaintiff appeals.

Clarence R. Welke was an employee of the bank from 1919 to 1937—first as bookkeeper, later as head teller. As teller, he had charge of nonsufficient fund checks. Emil R. Neuenfeldt was in the business of selling frog legs, wholesale. In July, 1932, Welke cashed five checks drawn by Emil R. Neuenfeldt on a Wisconsin bank, amounting to $2,000. They were

protested and returned dishonored for insufficient funds. Welke personally held the checks and concealed from the bank directors and officers the fact that these checks had been dishonored. He represented to Neuenfeldt that he had taken care of them personally. As a matter of fact, he embezzled other funds from the bank to cover the checks, although this was not known to Neuenfeldt. Welke's concealment was for the purpose of covering up other peculations. From time to time he importuned Neuenfeldt to make good on the checks that they "were personal stuff and I wanted him to pay for them." In effect, his conversations with Neuenfeldt were that he had to have this money for his benefit to take care of those checks he was holding. Neuenfeldt finally paid the full amount of the checks and protest fees to Welke in the belief this was owed to Welke, not to the bank. Part of this money was paid to Welke shortly after he had been discharged by the bank.

We conclude from the record that plaintiff is not now urging the theory of a conspiracy or collusion between Welke and Neuenfeldt. We find no substantial evidence that Neuenfeldt had reason to believe that Welke was embezzling funds from the bank. The payments were made to Welke in good faith, Neuenfeldt believing it was a personal matter with Welke.

Plaintiff now presents the theory that it can impress a trust on the property formerly owned by Emil Neuenfeldt, doing business as the E. R. Neuenfeldt Wholesale Frog Legs business, and hold Richard G. Neuenfeldt also liable for the amount of the checks, on the ground that Emil sold the frog leg business to Richard without complying with the bulk sales law (2 Comp. Laws 1929, § 9545 *et seq.* [Stat. Ann. § 19.361 *et seq.*]). (In 1935, Emil sold the

frog leg business to his son Richard.)   In that regard, the following conclusion reached by the trial court is fully substantiated by the record:

"Relief is sought against Richard G. Neuenfeldt, son of Emil, arising out of the transfer of the frog leg business in December of 1935, from Emil to his son Richard.   The bill of complaint makes no mention of the bulk sales act, nor is any right of the plaintiff predicated upon a violation of that act in the bill.   On the contrary, the transfer seems to be attached (attacked) upon the ground that it was a fraudulent conveyance to defeat the rights of creditors of Emil Neuenfeldt, being without consideration, spurious and pretended.   Under these allegations the question of inventory, affidavits, notice to creditors and other matters pertinent to the bulk sales act are immaterial.   There was an utter absence of proof that the sale was without consideration, or that the consideration was not fair and adequate.   The reason for the transfer was a logical and plausible one and was accomplished in the usual commercial manner.   The court is therefore persuaded that the plaintiff has no equitable right to pursue the assets of this business into the hands of the defendant, Richard Neuenfeldt, who acquired them lawfully, in good faith, for a fair and adequate consideration and in a regularly recognized manner."

Aside from the foregoing, plaintiff's demand, if pursued in a suit at law, would be barred by the statute of limitations.*   By analogy, the statute of limitations may be considered to apply to actions in chancery.   There being no substantial evidence of fraud, collusion, or conspiracy on the part of the Neuenfeldts, plaintiff now relies on the overt wrong-

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).—Reporter.

ful acts of Neuenfeldt in drawing the checks without sufficient funds, and the act of Welke in cashing them and concealing the facts.

The bank had knowledge of the cause of action when the five checks were returned in the early part of July, 1932. The bookkeeping department had knowledge. Welke, in whom the obligation for collecting the checks was centered, had knowledge. Welke's knowledge is imputed to the bank. The Wyandotte Savings Bank could act and acquire knowledge only through its officers, employees and agents. Knowledge of the particular employee or agent having the duty to effect the collection of dishonored checks was knowledge of the bank.

The statute of limitations would ordinarily be a bar to recovery. However, plaintiff claims that the cause of action was fraudulently concealed by Emil Neuenfeldt, wherefore the claim would not be barred if suit were begun within two years from discovery of the cause of action. The statute (3 Comp. Laws 1929, § 13983 [Stat. Ann. § 27.612]) thus relied upon reads:

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within two years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

The "cause of action" was concealed by Welke, but not by Neuenfeldt. No affirmative act to conceal the cause of action was practiced by Emil Neuenfeldt. Welke's concealment, not known to Neuenfeldt, is not to be charged against the one claimed

to be liable—Neuenfeldt. In the recent case of *Roche* v. *Blair,* 305 Mich. 608, 612, it was said:

"Plaintiffs contend that defendants fraudulently concealed from them the existence of such conspiracy and the facts concerning the division between the individual defendants of money received from the sale of the farm property; that they did not discover the facts concerning such conspiracy and division of money until about July, 1940; and that under 3 Comp. Laws 1929, § 13983 (Stat. Ann. § 27.612), they were entitled to begin the present action within two years after such discovery. Such statute provides:

" 'If any person who is liable to any of the actions mentioned in this chapter, *shall fraudulently conceal the cause of such action* from the knowledge of the person entitled thereto, the action may be commenced at any time within two years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter.'

"The above statute refers to fraudulent concealment of the cause of action. What was plaintiffs' cause of action? If it was the alleged conspiracy, they could begin suit within two years after discovering such conspiracy. However, if their cause of action was defendants' alleged overt acts, of which they had knowledge in or prior to 1933, their action would be barred by the six-year statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]). * * *

"The law is well established that in a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages. The conspiracy standing alone without the commission of acts causing damage would not

be actionable. The cause of action does not result from the conspiracy but from the acts done. Therefore, in the present case the alleged conspiracy, which plaintiffs claimed to have first discovered in 1940, was not their cause of action. Their cause of action was the alleged wrongful acts of defendants, which caused their claimed damages. The allegations of conspiracy did not change the nature of plaintiffs' action.   *   *   *

"We conclude that plaintiffs' cause of action was not the conspiracy but was the overt, wrongful acts of defendants, which resulted in plaintiffs' claimed damages and of which plaintiffs had notice and knowledge in or prior to 1933. Such cause of action was barred by the six-year statute of limitations. Defendants did not 'fraudulently conceal the cause' of plaintiffs' action so as to bring it within the two-year limitation of the statute hereinbefore quoted (3 Comp. Laws 1929, § 13983)."

As in the *Roche Case, supra,* plaintiff's cause of action in the case at bar, not being based upon the alleged conspiracy, depends on the overt wrongful acts of Emil Neuenfeldt, for recovery. There was no fraudulent concealment by Neuenfeldt of the cause for action, which would have tolled the running of the statute. The two-year limitation does not apply.

Affirmed, with costs to appellee Richard G. Neuenfeldt, no other appellee having filed a brief herein.

CHANDLER, NORTH, and STARR, JJ., concurred with BOYLES, C. J., WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred in the result.