MARY A. STEVENSON v. GEORGE O. ROBINSON AND DAVID W. BROOKS.

*Statute of limitations—Fraudulent concealment.*

The "fraudulent concealment" which will take a claim out of the statute of limitations must be that of the person sought to be charged and not that of his clerk without the employer's fault.

Error to Superior Court of Detroit. Submitted June 12. Decided June 21.

ASSUMPSIT by Mrs. Stevenson against Robinson and Brooks who were claim agents, for bounty and back-pay due her on behalf of her son and collected by them. The general issue was pleaded with notice of the statute of limitations. Defendants had judgment below and plaintiff brings error.

*S. E. Engle* for plaintiff in error.

*C. A. Kent* for defendants in error.

MARSTON, J. The first question of importance in this case is whether the claim at the time action was brought, was not barred by the statute of limitations. It clearly was, unless there was a fraudulent concealment within the meaning of Comp. L., § 7159.

There is no pretence whatever that either of the defendants made any representations in relation to this claim, or that they or either of them concealed any fact from plaintiff's knowledge. The claim is that one Pease, who was a clerk in the office of defendants and had charge of the collection of this claim, fraudulently concealed from her the fact that the claim had been collected. Even if this were true it would be insufficient. The provisions of this section cannot be extended by construction to concealments made by persons other than those sought to be charged in the action. If there was

any fraudulent concealment it was that of Pease and not of these defendants who acted in entire good faith.

The judgment must be affirmed with costs.

The other Justices concurred.