GEORGE L. WEBER v. CAROLINE WEBER.

*False and fraudulent representations—Constructive notice—Agent's liability for fraud.*

The constructive notice furnished by the record of a mortgage will not deprive a purchaser of the right to rely on the vendor's positive statements, fraudulently made, that the property is unencumbered, nor will it prevent him from suing for the false representations.

An agent is not exempt from liability for a fraud knowingly committed on behalf of a principal, even though the agent receives no personal benefit from the fraud, and the principal is at the bottom of it.

An agent, when liable for a fraud committed in a principal's behalf, may as well be sued separately as any joint wrong-doer sued alone in an action of tort.

| 47 | 569 |
| 71 | 149 |

| 47 | 569 |
| 111 | 324 |

| 47 | 569 |
| 122 | 572 |

A wife who has knowingly perpetrated a fraud in her husband's behalf, and as his agent, need not be joined with him in an action of tort therefor unless they are both sued as wrong-doers.   Comp. L. §§ 6129, 7382.

Error to Superior Court of Detroit.   Submitted January 17.   Decided January 25.

CASE.   Plaintiff brings error.   Reversed.

*M. E. Dowling* for plaintiff in error.   A husband need not be joined as defendant with his wife in an action against her for fraud: *Burt v. McBain* 29 Mich. 262; *Mich. Cent. R. R. v. Coleman* 28 Mich. 442; *Berger v. Jacobs* 21 Mich. 220.

*D. C. Holbrook* for defendant in error.   Liability attaches for false representations made by an agent: *Baum v. Mullen* 47 N. Y. 577; and if the principal is the agent's husband and directly interested in the advantages procured by the fraud, he is jointly liable for it: *Kowing v. Manly* 49 N. Y. 199.

CAMPBELL, J.   Plaintiff sued defendant in case for making false representations to him concerning the freedom from encumbrance of certain land which she sold to him as agent for her husband Henry Weber.   The declaration contains full averments showing the purchase and payment to have been made in reliance on these representations—their willful falsehood, and the loss of the entire premises by sale under the mortgage which existed, and which defendant had said did not exist, by declaring that there was no encumbrance whatever.

Defendant demurred to the declaration on the grounds— *first*, that defendant was Henry Weber's wife and that he should have been made co-defendant; *second*, that defendant is not averred to have been interested in the property; *third*, that it does not appear the representations were made at Henry Weber's request and by his authority; and *fourth*, that the mortgage being recorded was notice.   The court below sustained the demurrer, and gave judgment for defendant.

It is not now claimed that the fact that the mortgage was recorded was of any importance. Where positive representations are made concerning a title for fraudulent purposes, and are relied on, it can hardly be insisted that what would be merely constructive notice in the absence of such declarations will prevent a person from having the right to rely on statements which if true would render a search unnecessary. And it is not necessarily true that a recorded mortgage is unpaid, merely because not discharged.

Neither is it true that an agent is exempt from liability for fraud knowingly committed on behalf of his principal. A person cannot avoid responsibility merely because he gets no personal advantage from his fraud. All persons who are active in defrauding others are liable for what they do, whether they act in one capacity or another. No one can lawfully pursue a knowingly fraudulent employment; and while it may be true that the principal is often liable for the fraud of his agent though himself honest, his own fraud will not exonerate his fraudulent agent. *Starkweather v. Benjamin* 32 Mich. 306; *Josselyn v. McAllister* 22 Mich. 300.

If liable at all, the agent may as well be sued separately, as any other joint wrong-doer. It is not usually necessary to sue jointly in tort. And we do not think that under our present statutes the case of husband and wife makes any different rule applicable. At common law the husband was liable personally for his wife's torts, and she could not be sued without him. But under our statutes now, that liability has been abolished, and she is solely responsible for them. Comp. L. §§ 6129, 7382. This being the case, we can see no ground for joining them in a suit, unless both are sued as wrong-doers. The evident purpose of the law was to put him, as to her personal wrongs, on the same footing with any third person.

The demurrer should have been overruled. The judgment below must be reversed, with costs of both courts, and the defendant required to answer over, within twenty days.

The other Justices concurred.