## GIBSON v. JENSEN.

° No. 2809.   Decided February 8, 1916.   Rehearing Denied July 7, 1916.
(158 Pac. 426.)

1. LIMITATION OF ACTIONS—ACTIONS FOR FRAUD—DISCOVERY OF
   FRAUD—"NOTICE."  One informed of such facts as will put a
   person of ordinary intelligence and prudence on inquiry has
   received information sufficient to start the running of limitations
   within Comp. Laws 1907, Section 2877, subd. 4, declaring that
   an action for fraud must be brought within three years; but
   the cause of action shall not be deemed to have accrued until
   the discovery by the aggrieved party of the facts constituting
   the fraud, for whatever is notice to excite attention and put
   one on guard and call for inquiry is notice of what inquiry will
   lead to.[1]  (Page 246.)

2. LIMITATION OF ACTIONS—ACTIONS FOR FRAUD—DISCOVERY OF
   FRAUD.  Where a cause of action against an agent for his fraud
   is barred, it is also barred against the undisclosed principal,
   unless there was fraudulent concealment of the principal; but
   mere concealment of the agency is not such fraud as will toll
   the statute of limitations.  (Page 248.)

3. LIMITATION OF ACTIONS—FRAUD.  The statute of limitations is
   one of repose, and the court must give it a fair and reasonable
   application, and where an action for fraud is not timely brought
   the court cannot disregard the positive provisions of the stat-
   ute.[2]  (Page 248.)

Appeal from District Court, Second District, *Hon. N. J.
Harris, Judge.*

Action by Isabelle V. Gibson against Joseph M. Jensen.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED, with directions.

*James Ingebretsen,* for appellant.

*Skeen Bros. & Wilkins,* for respondent.

[1] *Larson* v. *Utah L. & T. Co.,* 23 Utah 457, 65 Pac. 208.
[2] *Campbell* v. *Zion's, etc., Co.,* 46 Utah 1, 148 Pac. 401.

FRICK, J.

The plaintiff brought this action in equity to annul a contract by which she purchased a certain number of shares of the capital stock of a certain corporation and to recover the purchase price she paid for the stock. The plaintiff, in her complaint, in substance, alleged that on January 2, 1907, one H. C. Healy, while acting as the agent for the defendant Jensen, by false and fraudulent representations (which she specifically set forth) which she believed and relied on, was induced to purchase the capital stock aforesaid for the sum of $1,300; that she did not discover the fraud practiced upon her by said Healy until "about the 10th day of December, 1913." Plaintiff prayed judgment that her contract to purchase be set aside and that she recover from the defendant said sum of $1,300 with legal interest from January 2, 1907. The defendant, in his answer, denied each and every allegation of the complaint, and further alleged that the action was barred by the provisions of Comp. Laws, 1907, Section 2877, subdiv. 4. The action was commenced January 20, 1914. Upon the foregoing issues and the evidence adduced, the court made findings of fact and conclusions of law in favor of the plaintiff, and entered judgment in her favor for said sum of $1,300 with interest as prayed. Defendant appeals.

The principal errors assigned are: That the court erred in finding that said Healy was the agent of the defendant in selling the stock in question; that the court erred in its findings and conclusions of law that the representations made by said Healy were actionable; and, further, that the court erred in not holding that the action was barred by the provisions of the statute before referred to.

From an examination of the evidence, we are impressed that there is much force to counsel's contention that the evidence is insufficient to sustain the court's finding that Healy was the agent of the defendant. Nor is the evidence of fraud strong. But be that as it may, in view that we have become convinced that the case should be determined upon the assignment relating to the statute of limitations, which, if held to apply, of necessity disposes of this action, we express no

opinion upon the other two assignments to which we have referred.

The court's findings in relation to the defense of the statute of limitations is as follows:

"That plaintiff did not discover the facts of said transaction until on or about the 10th day of December, 1913, although she used due and reasonable diligence in her endeavor to do so."

There is no conclusion of law, or any other intimation by the court, that the action was not barred. For the purposes of this decision we shall assume, however, that the foregoing finding is sufficient to meet the defense that the action was barred.

The defendant pleaded the subdivision of the section to which we have referred. That section, so far as applicable here, reads:

"An action for relief on the ground of fraud or mistake three years; the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Now, the evidence is undisputed that the plaintiff was fully advised of the fraud that was practiced upon her by Healy, if any actionable fraud was practiced upon her, as early as July 27, 1909, in a letter from Mr. Healy to her in which he made a full statement respecting his faults in the transaction. By a comparison of the complaint with the statements contained in the letter aforesaid, and of plaintiff's own admissions when testifying, it appears that she was advised of every essential fact which was necessary for her to know in order to bring an action if she felt disposed to bring one. It was not necessary for her to be informed of all the details. 25 Cyc. 1217. If she was made aware of the principal or controlling facts, it was sufficient. By that we mean it was sufficient if she was fully informed of such facts as would put a person of ordinary intelligence and prudence upon inquiry. If she was so informed, then she had all the information contemplated by the statute.

In *Larson* v. *Utah L. & T. Co.*, 23 Utah, 457, 65 Pac. 208, in referring to this question, this court said:

"Where relief is sought on the ground of fraud, the statute does not begin to run until the discovery of the fraud, or the discovery of such facts as would put a person of ordinary intelligence and prudence on inquiry."

To the same effect is 25 Cyc. 1174, 1186-1190. At page 1177 of the volume referred to, it is said:

"Nor is the rule just stated altered by plaintiff's ignorance of his legal rights, or by the circumstance that he is a person of a low order of intelligence and mental capacity and of small will power, provided that he has the legal capacity to act and to contract."

To the same effect is *Marks* v. *Evans* (Cal.) 62 Pac. 78.

The rule is also clearly stated in 3 Words and Phrases, 2093, where it is said:

"Whatever is notice enough to excite attention, and put the party on his guard, and call for inquiry, is notice of everything to which such inquiry might have led."

In that connection, see, also, *Parker* v. *Kuhn*, 21 Neb. 413, 32 N. W. 74, 59 Am. Rep. 838.

There can be no doubt, therefore, that the plaintiff possessed all the information required by our statute respecting the alleged fraud more than three years preceding the bringing of the action. Some claim is made, however, about plaintiff's not having access to the books of the corporation. The action was against Jensen, an individual, not against the corporation. But even if it had been necessary for plaintiff to examine the corporate books, she, under the liberal rule in favor of stockholders laid down by this court in *State* v. *Mining Co.*, 37 Utah, 63, 106 Pac. 520, and in *Clawson* v. *Clayton*, 33 Utah, 266, 93 Pac. 729, had no excuse for not doing so, since she was apprized of the facts disclosed by Mr. Healy. Every stockholder is given full opportunity to examine the books of the corporation either personally or by his agent or representative whenever he deems it necessary to gain information.

The thing which is seriously contended for by plaintiff's

counsel, however, upon this question, is that plaintiff did not know that Mr. Healy was representing the de- **2** fendant in the transaction complained of. In other words, that she was not aware that the defendant was Mr. Healy's principal until in December, 1913. There is, however, neither allegation nor proof that defendant concealed from the plaintiff his connection with the stock, nor that any one did so in his behalf or at his request or otherwise. The law is well settled, where there is no fraudulent conduct on the part of the principal, the mere 'fact that he is unknown does not toll the statute. The general rule is that, if a cause of action is barred against the agent of an undisclosed principal, it is also barred against such principal unless there was fraudulent concealment of the principal. Mere concealment of the agency, if such be done, is not such fraud as will toll the statute. *Ware* v. *Galveston City, etc.*, 111 U. S. 170, 4 Sup. Ct. 337, 28 L. Ed. 393; *St. Paul Title & Trust Co.* v. *Stensgaard*, 162 Cal. 178, 121 Pac. 731, 39 L. R. A. (N. S.) 741; 25 Cyc. 1221.

As against corporations, which can and do act only through agents, the rule as to concealment is somewhat different.

Counsel for plaintiff do not, nor could they successfully, assail the foregoing authorities. True, they 'seek to distinguish the case cited from the United States Supreme Court, but the distinction they seek to make has no applica- **3** tion here. The statute of limitations is now generally regarded as a statute of repose. This is so in cases of fraud as well as in other cases. We are required to give the statute a fair and reasonable application. Not to do that is tantamount to a setting aside of its wholesome provisions. This court has demonstrated that where cases are timely instituted it will lend its aid in actions for fraud to the full extent of its powers. Indeed, it has gone to the very verge of its powers in the recent building and loan cases brought to this court on appeal. See *Campbell* v. *Zion's etc., Co.*, and eight other cases 46 Utah, 1, 148 Pac. 401. Neither this, nor any other court, is authorized, however, in granting relief to disregard positive provisions of the statute. While the temptation in this case is very strong to aid this aged plaintiff, yet

the duty imposed upon us to remain within the law is equally strong; and the latter duty must, as it always should, prevail.

For the reasons stated, the judgment must therefore be reversed, and the cause be remanded to the district court of Weber county, with directions to set aside its findings of fact and conclusions of law so far as the same are repugnant to the views herein expressed and to enter findings of fact and conclusions of law and judgment in harmony with this opinion. Such is the order. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.