UNEMPLOYMENT COMPENSATION COMMISSION
*v.* VIVIAN.

1. Unemployment Compensation—Administrative Regulation—
Contribution Period.

An administrative regulation, effective as to contributions after
June 30, 1938, and setting up a calendar quarter as contribu-
tion period under the unemployment compensation act, is not
applied as to contributions claimed from an employer for 1938
and 1939 where such regulation does not appear in the ad-
ministrative code, and statute requires payment of contribu-
tions semiannually or oftener as prescribed by regulation, not-
withstanding regulation adopted subsequently and effective as
to contributions after October 1, 1939, prescribing a like pe-
riod, does appear in the code and administrative code act
requiring publication of regulations in the code did not be-
come effective until January 1, 1944 (Act No. 1, § 13, Pub.
Acts 1936 [Ex. Sess.], as last amended by Act No. 246, Pub.
Acts 1943; Act No. 88, § 3, Pub. Acts 1943).

2. Same—Failure to Disclose Number of Employees—Fraudu-
lent Concealment—Statute of Limitations.

An employer's failure to disclose and report to the unemploy-
ment compensation commission the fact that it employed a
sufficient number of persons for two years to bring it within
the provisions of the unemployment compensation act amounts
to a fraudulent concealment of the commission's cause of ac-
tion for contributions for such period within the meaning of
the statute of limitations (3 Comp. Laws 1929, §§ 13983,
13991).

3. Same—Contributions—Assessment—Statute of Limitations.

Three-year period within which to make or impose an assess-
ment or penalty under the unemployment compensation act
did not apply so as to bar action at law by the unemployment
compensation commission to recover contributions from an em-

ployer never theretofore assessed because of fraudulent concealment of facts creating liability therefor until discovery by plaintiff's field advisor (Act No. 1, § 15 [j], Pub. Acts 1936 [Ex. Sess.], as last amended by Act No. 246, Pub. Acts 1943).

4. SAME—CONTRIBUTIONS—ASSESSMENT—ACTION—STATUTE OF LIMITATIONS.

In addition to the collection by assessment and levy of contributions under the unemployment compensation act by an *in rem* proceeding within 3 years after they become due, the unemployment compensation commission may bring an action at law in any court of competent jurisdiction and such action is subject to provisions of the general six-year statute of limitations (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; § 13991; Act No. 1, §§ 15 [b], [c], [j], Pub. Acts 1936 [Ex. Sess.], as last amended by Act No. 246, Pub. Acts 1943).

5. LIMITATION OF ACTIONS—EXTENSION BECAUSE OF FRAUDULENT CONCEALMENT.

The two-year extension of the statute of limitations, granted where defendant has fraudulently concealed plaintiff's right of action, is intended not to curtail, but, when applicable, to enlarge the time otherwise limited (3 Comp. Laws 1929, § 13983).

6. UNEMPLOYMENT COMPENSATION—CONTRIBUTIONS—STATUTE OF LIMITATIONS—FRAUDULENT CONCEALMENT.

Unemployment compensation commission's action at law for employer's contributions due and payable during 1938 became barred on January 19, 1945 where employer fraudulently concealed facts disclosing liability until commission's field advisor made discovery thereof on January 18, 1943, but action was not barred as to contributions due and payable June 30 and December 31, 1939, interest and damages where action was commenced in February, 1945 (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; §§ 13983, 13991; Act No. 1, § 15 [c], Pub. Acts 1936 [Ex. Sess.], as last amended by Act No. 246, Pub. Acts 1943).

7. STATUTES—TAXATION—CONSTRUCTION.

Statutes levying taxes are not extended by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out, and in case of doubt are construed most strongly against the government and in favor of the citizen.

8. ACTION—STATUTES—LIMITATION OF ACTIONS.

While a cause of action created by statute is subject to the statutory conditions, including the period of limitations, where act creating such cause contains no such limitation, the general statute of limitations applies (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

9. JUDGMENT—CONSTRUCTION OF STATUTES—RES JUDICATA.

Where statements made, in a trial court's opinion relative to construction of statute involved in a former case arising out of the same subject matter and between the same parties were found by him to be dicta and erroneous, he was not precluded from giving a different construction in instant case.

10. COSTS—PUBLIC QUESTION—STATUTE OF LIMITATIONS.

No costs are allowed in unemployment compensation commission's action to recover contributions where questions of public interest are involved in the construction of the unemployment compensation act and general statute of limitations (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; §§ 13983, 13991; Act No. 1, § 15 [c], Pub. Acts 1936 [Ex. Sess.], as last amended by Act No. 246, Pub. Acts 1943).

Appeal from Marquette; Bell (Frank A.), J. Submitted June 4, 1947. (Docket No. 22, Calendar No. 43,628.) Decided October 13, 1947.

Assumpsit by Michigan Unemployment Compensation Commission against Oliver J. Vivian and another, doing business as Oliver Adjustment Company, to collect delinquent contributions. Judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Laurence A. Price,* Assistant Attorney General, for plaintiff.

*George C. Quinnell,* for defendants.

BOYLES, J. This is a law action brought by the Michigan unemployment compensation commission

in the circuit court for Marquette county to collect delinquent contributions, damages and interest claimed to be due the commission under the unemployment compensation act.* The defendants pleaded as an affirmative defense that the claim was barred by the statute of limitations. The case was submitted to the court without a jury on stipulated facts, and judgment was entered for the defendants.

Plaintiff appeals, mainly on the claim that the trial court erred in holding that the action was barred by the statute of limitation in the act.

The essential facts are stipulated. Defendants have been conducting a collection business in Marquette since 1927. Due to a misapprehension as to what employment should be included in considering whether they were employing eight or more persons for some part of each of 20 different weeks during the calendar years 1938 and 1939, the defendants did not file any returns with the commission or make any payments to the unemployment compensation fund for those years. On January 18, 1943, a field advisor of the commission completed a report of the defendants' employment for the calendar years 1937 through 1942 which showed that the defendants had eight or more individuals in employment within the act each year for 1938 to 1942, inclusive. Defendants have paid all claims for contribution for said years except 1938 and 1939, and these two years are the only ones involved in the instant suit. In the circuit court the issue was stipulated by counsel as follows:

"5. That as a result of said field advisor's report (January 18, 1943), which was the first infor-

---

* Act No. 1, Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 347, Pub. Acts 1937, Act No. 364, Pub. Acts 1941, and Act No. 246, Pub. Acts 1943 (Comp. Laws Supp. 1940, 1945, § 8485–41 *et seq.*, Stat. Ann. 1946 Cum. Supp. § 17.501 *et seq.*).

mation the commission had of any liability, a notice of determination in the form of a letter was issued to the Oliver Adjustment Company by a representative of the commission on February 16, 1943. This determination was to the effect that the Oliver Adjustment Company became an employer subject to the Michigan unemployment compensation act as of January 1, 1938, and that said concern was liable for contributions on all services performed in employment on or after that date. * * *.

"8. The plaintiff claims there is due it from said defendants the following sums of money: for 1938, delinquent contributions, $217.29, interest $123.79; for the year 1939, delinquent contributions of $237.53 plus $115.02 interest; making a total of $693.63 as of February 28, 1945, which amount of money the defendants concede to be correct and admit it to be due and payable unless this action is barred by section 15 (j) of the Michigan unemployment compensation act. * * *

"11. The defendants admit herein the regularity of the proceedings in every way, including due notice of the delinquent contributions and interest for the years 1938 and 1939, except as to their defense of the limitation of action provision as contained in section 15 (j) of said act. The parties agree that no assessment or penalty has ever been made or imposed by the commission with respect to the delinquent contributions for the years 1938 and 1939. This civil action for the collection of said delinquent contributions and interest is brought under the specific provisions of section 15 (c) of the Michigan unemployment compensation act."

The present action was started by plaintiff on February 16, 1945, and a summons issued which was returned, served and filed on the ensuing day. The issue here is whether plaintiff's cause of action was then barred by statutes of limitations, the issue having been properly pleaded in the case as an af-

firmative defense.   If so, plaintiff can not prevail in this suit and the judgment for defendants must be affirmed.

The provisions of section 15 (c) of the unemployment compensation act (Comp. Laws Supp. 1945, § 8485–55 [c], Stat. Ann. 1946 Cum. Supp. § 17.515 [c]) are as follows:

"In addition to the mode of collection provided in subsection (b) above, if, after due notice, any employer defaults in any payment of contributions or interest thereon, the commission may bring an action at law in any court of competent jurisdiction to collect and recover the amount of any contribution, and any interest thereon, and in addition 10 per centum of the amount of contributions found to be due, as damages.   An employer adjudged in default shall pay costs of such action.   Civil actions brought under this section shall be heard by the court at the earliest possible date."

The defendants claim that this action is barred under the provisions of section 15 (j) (Comp. Laws Supp. 1945, § 8485–55 [j], Stat. Ann. 1946 Cum. Supp. § 17.515 [j]) of said act, which are as follows:

"No assessment or penalty with respect to contributions unpaid shall be made or imposed after the expiration of three years from the date upon which such contributions first become due and payable."

Section 13 of the act (Comp. Laws Supp. 1945, § 8485–53, Stat. Ann. 1946 Cum. Supp. § 17.513) declares the date on which contributions by an employer who is subject to the act become due and payable, as follows:

"Such contributions shall become due and be paid to the commission, for the unemployment compensation fund, by each employer semiannually or

. for such shorter periods of not less than 28 days, as the commission may by regulation prescribe.''

In plaintiff's brief it is claimed that on September 27, 1938, the commission adopted a regulation 23, providing in part that subsequent to June 30, 1938, the contribution period shall be the calendar *quarter*. The regulation referred to does not appear in the Michigan administrative code. Act No. 88, § 3, Pub. Acts 1943 (administrative code act) (Comp. Laws Supp. 1945, § 522-3, Stat. Ann. 1946 Cum. Supp. § 3.560 [9]), provides:

''Any rule made by any State agency prior to the effective date of this act and not filed in the office of the secretary of State within 3 months after the effective date of this act,* as required by section 2 hereof, shall be void and of no effect.''

. Regulation 121 of the commission, appearing at page 1439 of the administrative code (1944), applies only to contributions on employment occurring subsequent to October 1, 1939, and was not adopted until June 26, effective July 1, 1941. For the purposes of this case we must assume that the provisions for *semiannual* payment control, as provided in section 13 of the act. Therefore, defendants' payment of contributions for the first six-months' period of the year 1938 became due and payable June 30, 1938; for the last six months of said year, on December 31, 1938; and similarly on June 30 and December 31, 1939, respectively, for that year. Hence, if the three-year limitation in section 15 (j) of the act should be held to control, this suit would be barred by the limitation, not having been started until February 16 or 17, 1945.

But counsel agree that the failure of the defendants to disclose and report to the commission the

---

* The act became effective January 1, 1944.—REPORTER.

fact that they employed a sufficient number of persons in 1938 and 1939 to bring them within the provisions of the act amounted to fraudulent concealment of plaintiff's cause of action, and that 3 Comp. Laws 1929, § 13983 (Stat. Ann. § 27.612), applies to the situation here. It provides:

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within two years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

Hence, plaintiff's cause of action to collect the delinquent compensation for the years 1938 and 1939 would not be barred in three years by said section 15 (j) of the unemployment compensation act, when 3 Comp. Laws 1929, § 13983, *supra,* is read into it. It is conceded that plaintiff first discovered its cause of action when its field advisor filed the report as to defendants' liability, on January 18, 1943, hence plaintiff's action, giving effect both to said section 15 (j) and 3 Comp. Laws 1929, § 13983, *supra,* might under certain circumstances to which reference will be made later, be barred from and after January 18, 1945. Inasmuch as plaintiff's present suit was not begun until February 16, 1945, the defense of limitation of action pleaded by the defendants might prevail. The circuit judge so held, and on that ground entered judgment of no cause for action.

Plaintiff insists that section 15 (j) does not apply as a limitation on the time within which an *action in court* may be brought under section 15 (c), as was done in this case, and claims that section 15 (j) applies only to the limitation of time within which *as-*

*sessments and penalties* may be imposed, not to suits begun under the provisions of section 15 (c) of the act. Plaintiff argues that as to such suits the general statute limiting the bringing of personal actions to six years from the time such action accrues. (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 13976, Stat. Ann. 1946 Cum. Supp. § 27.605]) applies. Therefore, plaintiff claims, its suit here is not barred by the limitation of time in section 15 (j).

In their stipulation, above quoted, the parties agreed "that no assessment or penalty has ever been made or imposed by the commission with respect to the delinquent contributions for the years 1938 and 1939." Plainly, this takes the instant situation out of the time limitation imposed by section 15 (j), which applies only to the time within which *assessments or penalties may be imposed.* That such is the legislative intent is made plain by other provisions in section 15 of the act. Section 15 (b) authorizes the commission to make "assessments" against any employer who fails to pay contributions or interest required by the act. It requires the commission to give notice of the assessment to the employer by registered mail, return receipt demanded, and provides that such assessment shall be final unless the employer files an application for review or requests a hearing before a referee, within 15 days after receiving such notice. Such assessment, within 15 days after it becomes final, may be enforced summarily by the issuance of a warrant by the commission directing any officer who is authorized to serve process to levy upon and sell any property of the employer used in connection with his business.

In direct connection with the above provisions in section 15 (b), the act provides in section 15 (j), as

hereinbefore shown, that no such assessment or penalty shall be made or imposed after the expiration of three years from the date on which such contributions shall first become due and payable. The more harsh remedy *in rem* for the collection of delinquent contributions, provided for in section 15 (b), was limited to assessments made within the more limited period of three years in section 15 (j), and for that reason section 15 (j) applies only to the time within which assessments and penalties may be levied.

But the defendants would also include the provisions of section 15 (c) within the language of section 15 (j). To accomplish this result, we would have to read section 15 (j) as follows:

"No assessment or penalty with respect to contributions unpaid shall be made or imposed, *nor shall any action at law be brought in any court of competent jurisdiction to collect and recover the amount of any contribution,* after the expiration of three years."

So devious a change in the intent of the act, if at all advisable, must be left to legislation, and not made by judicial fiat.

The only limitation of time *in the act itself,* for enforcement or collection of delinquent contributions, is in section 15 (j). As stated, section 15 (c) provides that in addition to collection by assessment and levy, the commission may bring an action at law in any court of competent jurisdiction. If there is any limitation of such court action, it must be found in statutory provisions elsewhere. The appellant here brings into the case the question whether the general statute of limitations governs court actions brought under section 15 (c). As to that, section 13 of chapter 9 of the judicature act (3 Comp. Laws 1929, § 13976, as amended [Comp.

Laws Supp. 1945, § 13976, Stat. Ann. 1946 Cum. Supp. § 27.605]), limits the time within which personal actions must be commenced, to six years next after the causes of action shall accrue (with exceptions not applicable here). And section 28 of chapter 9 of the judicature act (3 Comp. Laws 1929, § 13991 [Stat. Ann. § 27.620]), applying to limitation of actions, provides:

"The limitations hereinbefore prescribed for the commencement of actions, shall apply to the same actions when brought in the name of the people of this State, or in the name of any officer or otherwise, for the benefit of the State, in the same manner as to actions brought by individuals."

In the case at bar, the most remote claim on which plaintiff seeks to recover, as hereinbefore stated, accrued June 30, 1938. Hence, as to that claim, except for a two-year extension for fraudulent concealment, plaintiff's cause of action would become barred under the general statute of limitation, on July 1, 1944. The fraudulent concealment was discovered January 18, 1943, so that the time within which plaintiff would otherwise be barred from beginning suit must be extended two years. When does the two-year extension begin to run? The result of such extension can not be to curtail the six-year period. The plaintiff still has the full period of six years from the time when the cause of action accrued, within which to start suit, "and moreover, where the defendant has fraudulently concealed from him his cause of action, he has, under any circumstances, not less than the full period of two years from date of discovery in which to bring his action.

"The latter section of the statute was intended not to curtail, but, when applicable, to enlarge, the

time for action limited by the former, and it applies only where it will in fact enlarge it. Without attempting to discuss what may still be the inherent power of a court of equity in Michigan *in exceptional cases* to go beyond the terms of the statute, even as modified, and on equitable grounds to grant additional relief, it is certain that in a suit at law the statutory provisions govern and an action such as the present is barred in six years from the commission of the act complained of, unless the fraudulent concealment section can be invoked to extend the time, and even then, unless brought within two years from date of discovery of the cause of action." *Ramsey* v. *Child, Hulswit & Co.,* 198 Mich. 658, 667.

Under the above interpretation of the fraudulent concealment provision, plaintiff's suit to recover the contributions which became due June 30, 1938, and December 31, 1938, became barred on January 19, 1945, by the statute as thus extended by two years from the date of discovery of the concealment (January 18, 1943). Suit as to these two delinquent contributions was not begun until February 16, 1945, and as to plaintiff's claim for said delinquent contributions, interest and damages for 1938, the defense of the statute of limitations must prevail. It should be noted, however, that as to plaintiff's claim for delinquent contributions for the year 1939, suit did not become barred by the six-year limitation until July 1, 1945, and suit having been begun on February 16 or 17, 1945, the defense of the statute of limitations can not prevail as to such claims. The court should have held for the defendants as to plaintiff's claim for contributions, interest and damages, based on the 1938 delinquency, and for the plaintiff as to 1939.

The foregoing conclusions are in harmony with recent decisions here, applying to somewhat sim-

ilar questions arising under the sales tax act,* wherein comparable provisions are found.

"Statutes levying taxes are not extended by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out, and in case of doubt are construed most strongly against the government and in favor of the citizen.

"While a cause of action created by statute is subject to the statutory conditions, including the period of limitations, where act creating such cause contains no such limitation, the general statute of limitations applies (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941)." *Metzen* v. *Department of Revenue* (syllabi), 310 Mich. 622.

Nor is the holding in *Finkelstein* v. *Department of Revenue,* 312 Mich. 186, contrary to the conclusions reached here. The sales tax act, therein referred to, contains a provision that no deficiency, interest or penalty *shall be assessed* for any year after the expiration of three years from the date set for filing the annual return for that year. As to that, we held (syllabus):

"The department of revenue was barred *from making an assessment* for deficiency in remittance by taxpayer under the general sales tax act, where the assessment was not made within three years from the date set for filing of the annual return, notwithstanding a notice of claim for deficiency and intention to levy an assessment was filed, taxpayer demanded a hearing and requested an adjournment before the expiration of the three-year period (Act No. 167, §§ 6, 7, 9, 22, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939; Act No. 122, § 9, Pub. Acts 1941)."

---

* Act No. 167, Pub. Acts 1933, as amended (Comp. Laws Supp. 1940, 1945 3663-1 *et seq.,* Stat. Ann. 1946 Cum. Supp. § 7.521 *et seq.*).

*Thatcher* v. *Detroit Trust Co.,* 288 Mich. 410 (122 A. L. R. 282), is distinguishable from the case at bar, on the facts. In the instant case the fraudulent concealment was discovered January 18, 1943, which was within the two-year period immediately preceding the expiration of the six years during which plaintiff was entitled to bring suit under the general statute of limitations (July 1, 1944). In the *Thatcher Case,* the concealment was discovered more than two years prior to the expiration of the six-year period. The plaintiff claimed he had six years in which to bring suit after the concealment became known to him. Quoting with approval from the *Ramsey Case, supra,* the Court said (pp. 415, 416):

"He thus claims a period of approximately 10 years before his claim could be outlawed. This, of course, is not what the statute provides, nor does it give plaintiff two years more in addition to the six years if, as in this case, he discovered the fraud in more than two years prior to the expiration of the six years. * * *

"Since suit was not commenced for four years after the alleged fraud was discovered, this statutory exception for fraudulent concealment is unavailable to plaintiff."

In *Midwest Theatres, Inc.,* v. *Unemployment Compensation Commission,* 317 Mich. 319, the unemployment compensation commission on March 20, 1942, gave plaintiffs notice of an assessment for contributions for the period from October 1, 1937, to July 16, 1938. Obviously the assessment was made more than three years after the contributions became due. The employers (plaintiffs in certiorari to the commission in that case) relied on section 15 (j) in claiming that the contributions were barred by the statute. The commission relied on an exten-

sion of the time limitation in section 15 (j), because of fraudulent concealment, thus relying on 3 Comp. Laws 1929, § 13983 (Stat. Ann. § 27.612). The commission did not discover the concealment until February, 1942, about two years *after* the three years had expired, and *not* within the two years immediately preceding the expiration of the three years within which assessment could be made, under section 15 (j). Thus the case is distinguishable from the case at bar. In the *Midwest Theatres Case,* we held that the assessment might be made within the two years after the fraudulent concealment was discovered. In that case the assessment was made almost immediately after the concealment was discovered.

Under our construction of the statute law hereinbefore indicated, the trial court reached the right conclusion in holding that plaintiff could not recover for the 1938 delinquency, but erred in refusing plaintiff judgment for delinquent contributions, interest and statutory damages for 1939.

Plaintiff (appellant) injects one other question into this appeal. It claims that an earlier decision by the circuit judge in Marquette county, in a certiorari case between these same parties, is *res judicata* and cuts off the defendants' right to again raise the defense of the statute of limitations in the instant case. Subsequent to plaintiff's notice to the defendants of defendants' liability for these contributions, and prior to plaintiff's commencing the instant suit, the defendants brought certiorari in the circuit court for Marquette county, challenging the right of plaintiff to collect delinquent contributions. The question of the statute of limitations was injected into the case. The court held that the collection was not barred by section 15 (j) of the act, and also held that the commission was not

barred from bringing suit in court under section 15 (c) until the general statute of limitations of six years had run against that remedy. As to that, Judge Bell in his opinion in the instant case said:

"The fact that the court's opinion appears to be now in conflict with its former opinion may be accounted for partly by the fact that the statement of facts is quite different in this case from what it was in that, partly because what the court said there about the general statute of limitations was dictum, and more the court has the right to change its mind if, by further study it feels that it has erred in the former opinion."

With that conclusion we are in full accord. The decision of the trial court in the former (certiorari) case, as to the proper construction of these provisions in the statutes, does not bind this Court, on this appeal, as *res judicata*, in construing the law.

The judgment for the defendants is set aside and the case remanded for a new trial in accord with the conclusions of law herein reached. Inasmuch as the defendants have deposited $705.58 in escrow with the circuit court to avoid additional liability for interest or damages, none shall be imposed, and no costs are allowed, questions of public interest being involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred. DETHMERS, J., did not sit.