INTERNATIONAL UNION UNITED AUTOMOBILE WORKERS OF AMERICA, A.F.L., *v.* WOOD.

1. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT—EVIDENCE.
   Proof of fraudulent concealment of a personal cause of action from the knowledge of the person entitled thereto must be made in order to extend the statute of limitations for the statutory 2-year period (CL 1948, § 609.20).

2. PARTIES—ADDITION AFTER COMMENCEMENT OF ACTION.
   Parties may not be added to a cause of action after it is once commenced except upon order of the court (CL 1948, § 612.13).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Limitation of Actions § 231.
[2, 11, 12] 39 Am Jur, Parties §§ 84, 85.
[3] 34 Am Jur, Limitation of Actions § 455.
[4–7] 34 Am Jur, Limitation of Actions § 234.
[4–7] What constitutes concealment which will prevent running of statute of limitations. 173 ALR 576.
Failure to comply with statute requiring one involved in automobile accident to stop or report as affecting question as to suspension or tolling statute of limitations. 10 ALR2d 564.
[8] 2 Am Jur, Agency § 404.
[9, 10] 34 Am Jur, Limitation of Actions § 232.

3. Limitation of Actions—Extension—Fraudulent Concealment —Diligence—Questions of Fact.

Questions of whether or not a personal cause of action against certain parties was fraudulently concealed and whether or not plaintiff used due diligence in ascertaining just who the parties were are questions of fact to be determined in applying statutory provision extending statute of limitations for 2-year period (CL 1948, § 609.20).

4. Same—Extension—Fraudulent Concealment.

Fraudulent concealment of a personal cause of action entitling the plaintiff to application of statutory extension period of 2 years means the employment of artifice, planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action and the acts relied upon must be of an affirmative character and fraudulent (CL 1948, § 609.20).

5. Same — Extension — Fraudulent Concealment — Affirmative Act.

Fraudulent concealment of a cause of action entitling plaintiff to extension of 2 years to statute of limitations applicable as to personal actions is more than mere silence, where no fiduciary relation exists between plaintiff and defendants (CL 1948, § 609.20).

6. Same—Diligence of Plaintiff in Discovering Sponsors of Alleged Libelous Advertisements.

Plaintiff union was not guilty of a lack of diligence in its endeavor to ascertain who, beside the defendant newspaper publisher, were sponsors of an advertisment alleged to be libelous under evidence showing repeated inquiries and court effort eventually compelling disclosure by the publisher of the other sponsors only 10 days before expiration of 1 year from date of publication (CL 1948, §§ 609.13, 609.20).

7. Same—Extension—Concealment of Parties.

Concealment of the parties to a personal cause of action does not constitute a concealment of a cause of action within the prohibition of the statute extending such actions for period of 2 years, especially by one other than the one sought to be charged (CL 1948, § 609.20).

8. Principal and Agent—Undisclosed Principal—Agent's Liability.

An agent is liable for his acts on behalf of his undisclosed principal.

9. SAME—AGENT'S FRAUD ON BEHALF OF PRINCIPAL—LIABILITY OF
AGENT.

An agent is not exempt from liability to a third party for a
fraud knowingly committed on behalf of a principal, even
though the agent receives no personal benefit from the fraud
and the principal is at the bottom of it.

10. LIMITATION OF ACTIONS—TOLLING OF STATUTE—CONCEALMENT OF
AGENCY.

Concealment of agency is not such a fraud as would toll the
statute of limitations as to personal actions (CL 1948, §§
609.13, 609.20).

11. SAME—ADDITION OF PARTIES.

The ends of justice do not require the addition of parties defend-
ant after the running of the statute of limitations, unless it
has been tolled, where no proceedings were pending against
parties sought to be added at time motion to add them was
made and statute of limitations had run against them at time
motion was made (CL 1948, §§ 609.13, 612.13, 616.1).

12. PARTIES—ADDITION—AMENDMENT—STATUTE OF LIMITATIONS.

Amendment so as to add parties to personal action may not be
made after statute of limitations has run as to such parties
(CL 1948, §§ 609.13, 612.13, 616.1).

13. COSTS—ADDITION OF PARTIES—APPEAL—TRIAL COURT.

Costs on appeal from order denying plaintiff's motion to add
parties are awarded appellees, while costs in the trial court are
ordered to abide the final outcome of the case.

ADAMS, J., dissenting.

Appeal from Van Buren; Mosier (Carl D.), J.
Submitted January 8, 1953. (Docket No. 46, Calen-
dar No. 45,586.) Decided June 8, 1953.

Action by International Union United Automobile
Workers of America, A. F. L., against Phil Wood,
doing business as the Bangor Advance, for damages
for libel. Motion to add parties defendant denied.
Plaintiff appeals. Affirmed.

*Wunsch & Coleman,* for plaintiff.

*Sheldon Rupert,* for proposed defendant Ely.

Bushnell, J.   Plaintiff Union's appeal is from 2 orders denying its motions to add Willard Kime, Jack Ely and Oscar Getz as parties defendant.

On October 25, 1950, defendant Phil Wood, doing business as the Bangor Advance, published in his newspaper a full-page advertisement which contained the statement: "This ad paid for by the Bangor Citizens' Committee." The Union deemed this advertisement to be libelous. The text of the advertisement does not appear in the record, and the matter of whether it was libelous is not before us. On April 13, 1951, plaintiff began an action against Wood for damages in the sum of $5,000. This action was commenced by a summons, accompanied by a motion for "pretrial examination and for discovery of books and papers." Wood filed his objection to the motion and entered his special appearance, together with a motion to quash the service of process.

The questions raised were argued and briefed and, on August 22, 1951, the circuit judge filed a memorandum opinion and an order denying the motion to quash and granting the motion directing that Wood disclose the names and addresses of the sponsors of the advertisement. Further proceedings were stayed until compliance with or vacation of the order. Wood's application for leave to appeal from this order was denied here on October 5, 1951.

Wood complied with the order on October 15th by disclosing that the sponsors were himself, Kime, Ely and Getz. Summonses were then issued and served upon the 3 last named persons. Ely appeared specially and moved to quash the summons. Kime and Getz later filed a special appearance and a motion to dismiss. On November 29th plaintiff filed a motion to order the addition of Kime, Ely and Getz as parties defendant. On March 27th the trial judge filed a memorandum opinion in which he held that the 1-year statute of limitations (CL 1948, § 609.13

[Stat Ann 1949 Cum Supp § 27.605]) had run against the plaintiff. Orders of dismissal as to Ely, Kime and Getz followed.

Among the questions raised here the decisive one is whether the so-called fraudulent concealment statute (CL 1948, § 609.20 [Stat Ann § 27.612]) includes within its scope the concealment of a party defendant. This section reads:

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

The trial judge held that, if the advertisement complained of should be held to be libelous, there can be no doubt that the cause of action, because of such libel, came into being when the publication was made. He pointed out that the meaning of the words and phrases complained of were then known by the plaintiff and that the "force and meaning of such words and phrases would be as libelous upon the publication as they would 6 months or 1 year afterwards." The name of the editor and publisher of the newspaper was then known, and plaintiff's action was begun against him within the 1-year period. If that period is to be extended in order to include Ely, Kime and Getz as added defendants, proof must be produced of a fraudulent concealment of the cause of action.

The Union argues that the concealment of the names of sponsors who are proper parties defendant is a fraudulent concealment of a cause of action and, therefore, plaintiff is entitled to the benefit of

the 2-year statutory extension period. Testimony produced by the Union shows that every reasonable effort was made to ascertain the identity of the sponsors of the advertisement. When Wood's attorney was asked, in writing, to disclose these names, he replied by a letter which contained the single word "Why?" When advised as to the reason for the request, counsel replied that he could not advise a client to open his personal files, and he knew of no requirement that imposed a duty upon Wood to so disclose.

It is apparent that the Union's extensive inquiry in the community, including conversations with Wood, was fruitless and that it was impossible to obtain the names of the sponsors until after the court ordered disclosure by Wood. The required information was not obtained by plaintiff until 10 days prior to the expiration of the 1-year period following the date of publication. Summonses for Kime, Ely and Getz, however, were not issued until November 8th, which was 14 days after the statutory period of 1 year had expired. Even then Kime, Ely and Getz could not be added as parties defendant until a court order had been obtained. CL 1948, § 612.13 (Stat Ann § 27.665).

Questions of concealment and diligence are questions of fact. *Groendal* v. *Westrate,* 171 Mich 92, 96 (Ann Cas 1914B, 906). Fraudulent concealment was defined in *De Haan* v. *Winter,* 258 Mich 293, 296, as meaning the "employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

Our inquiry, therefore, is: What were the affirmative acts and who perpetrated a fraud?

Fraudulent concealment is more than mere silence. *McNaughton* v. *Rockford State Bank,* 261 Mich 265,

268. See, also, *Schram* v. *Burt* (CCA), 111 F2d 557. No fiduciary relationship existed between the Union and Wood, as was alleged and denied in *Dowse* v. *Gaynor,* 155 Mich 38, 42. See, also, *Stetson* v. *French,* 321 Mass 195 (72 NE2d 410, 173 ALR 569), and authorities annotated beginning on page 578.

Plaintiff here cannot be said to have been guilty of a lack of diligence, as was indicated in *Barry* v. *Detroit Terminal Railway Co.,* 307 Mich 226. Concealment of the parties has been held not to constitute a concealment of a cause of action. *Staples* v. *Zoph,* 9 Cal App2d 369 (49 P2d 1131); *Griffith* v. *Shannon* (Tex Civ App 1926), 284 SW 598; 173 ALR 584; 54 CJS, p 224.

It is argued that Wood was the agent of Ely, Kime and Getz in preparing the text of the advertisement. Even if Wood was only an agent for undisclosed principals, he, nevertheless, is liable. An agent is liable for his acts on behalf of his undisclosed principal. *Pollasky* v. *Minchener,* 81 Mich 280 (9 LRA 102, 21 Am St Rep 516).

"An agent is not exempt from liability for a fraud knowingly committed on behalf of a principal, even though the agent receives no personal benefit from the fraud, and the principal is at the bottom of it." *Weber* v. *Weber* (syllabus), 47 Mich 569.

Nor is mere concealment of the agency such fraud as would toll the statute of limitations. *Owen* v. *King,* 130 Tex 614 (111 SW2d 695, 114 ALR 859); and *Gibson* v. *Jensen,* 48 Utah 244 (158 P 426). Concealment by one other than the one sought to be charged is not within the prohibition of the statute. See *Stevenson* v. *Robinson,* 39 Mich 160.

The concealment in *Unemployment Compensation Commission* v. *Vivian,* 318 Mich 598, arose through the mistake of the defendants as to the application of the unemployment compensation act to their busi-

ness. Vivian, the defendant employer, was held liable, notwithstanding his mistaken concept of the law, as to contributions falling due less than 6 years prior to the commencement of the action against him. The action was brought by the commission after the running of the statute of limitations as extended by a period of 2 years following discovery of the concealment of the cause of action as to other contributions, which concealment was determined to have been fraudulent. The concealment in that case was of a cause of action and not of the party defendant.

Here, there is no proof that Wood concealed a cause of action against himself or others. There is no proof of any relationship with or towards the Union which required Wood to disclose the names of his associates. The ends of justice do not require the addition of parties defendant after the running of the statute of limitations, unless it has been tolled. See CL 1948, § 612.13 (Stat Ann § 27.665). The argument that amendments as to the parties may be made at any stage of the proceedings under the provisions of CL 1948, § 616.1 (Stat Ann § 27.838) overlooks the fact that no proceedings were pending against Ely, Kime and Getz at the time the motion was made, and that the statute of limitations had then run as to them.

The order of the trial judge is affirmed, with costs to appellees in this Court. Costs in the trial court shall abide the outcome of the principal case.

DETHMERS, C. J., and BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred with BUSHNELL, J.

ADAMS, J. (*dissenting*). I cannot agree with the conclusion of Justice BUSHNELL that there has been no fraudulent concealment of a cause of action as contemplated by CL 1948, § 609.20 (Stat Ann § 27.-612). The term "cause of action" means more than a

known injury or a violation of a right. It must also include the identity of the person who is responsible for the injury or the violation. Damage or injury cannot constitute a cause of action except as it results from the wrongful or illegal act of another. A cause of action would be an utterly useless thing if there were no party against whom a remedy could be sought.

"The term 'cause of action' is generally understood as meaning the whole cause of action; that is, all the facts which together constitute plaintiff's right to maintain the action; every fact which it is necessary to establish in order to support the right to judicial relief." 1 CJS, p 986, § 8g.

"The elements of a cause of action are, first, a breach of duty owing by one person to another; and second, a damage resulting to the other from the breach." *Post* v. *Campau*, 42 Mich. 90, 96.

"The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong." Pomeroy's Code Remedies (4th ed), § 347.

"A cause of action implies that there is some person in existence who can bring suit and also a person who can lawfully be sued." 1 Bouvier's Law Dictionary (Rawle's 3d Rev), p 436.

A party defendant being an essential component of a cause of action, it follows that the concealment of the existence or identity of such person is a concealment of the cause of action itself.

In the instant case, the record shows that Phil Wood, publisher of the Bangor Advance and defendant herein, joined with the proposed defendants,

Jack Ely, Willard Kime, and Oscar Getz, in the publication of a full page advertisement in the Bangor Advance of October 25, 1950. The 4 persons named met on more than 1 occasion before the advertisement was published and made arrangements for Wood to prepare the advertisement and for the others to pay for its cost. Together they discussed the matter of keeping their names secret and they were told by Wood that their names would not be made public. While the record is not conclusive as to a promise on the part of Wood to maintain secrecy, the testimony of 2 of the 4 indicates that the matter was discussed. Wood testified, in part:

"*Q.* Well, during this discussion with them as to whether you would be obligated to give out the names, did you tell them that you would not be obligated to give out their names?

"*A.* I told them that I felt I would not.

"*Q.* In other words, they asked you whether or not you'd have to give out the names?

"*A.* My memory of the discussion is somewhat vague because it continued over a period of days, but I believe that I was the one who originated the thought that the names would not have to be made public.

"*Q.* And, you so stated to these other 3 men?

"*A.* Yes.

"*Q.* Well, did your committee ever hold a meeting anytime?

"*A.* Many times."

He further testified that following the meetings he wrote the advertisement and that it was paid for by the other 3 persons. Following the publication of the advertisement, a representative of the plaintiff union called upon Wood and asked for the names of those persons responsible for its publication. Wood, publisher and owner of the newspaper and the person best informed as to matters concerning the news-

paper, not only refused to identify those responsible for the advertisement, but gave misinformation according to the testimony of a union representative.

"He told me there were approximately 15 people involved; 2 were teachers, 1 was a township supervisor, but he had promised not to reveal the names to anyone, and was going to keep that promise."

With this record before us, it is apparent that the 4 worked in conjunction to publish the advertisement in the belief that their individual identities as members of the group would be kept secret. It is likewise apparent that Wood, as the only 1 of the group whose identity was known, carried out his part of the plan by refusing to divulge the names of the others until ordered by the court to do so and at the same time made misstatements of fact with the obvious intention of confusing the plaintiff's diligent efforts to discover the identity of the individuals involved.

There is nothing in the record to indicate that Wood acted as an agent for the group. Rather it is conclusively established that the 4 worked for a common purpose and under such circumstances, the concealment of one must be charged to all. Such is the holding in *Holman* v. *Moore,* 259 Mich 63. There, Moore, a businessman, was charged with having conspired with an officer of a bank to cheat and defraud the bank. The bank official, by manipulation of the records, concealed the nature of the transaction, but such concealment was charged to Moore as a fraudulent concealment under the statute.

"It was, we think, the purpose of Barker to have the entries on the books made in a way to conceal from its other officers and directors the nature of the transaction, and such act on his part was fraudulent concealment thereof, for which, under the circumstances, Moore is chargeable as well as himself." *Holman* v. *Moore, supra.*

The concealment of a cause of action by the defendants in this case resulted from more than mere silence. The accepted test in Michigan is stated in *De Haan* v. *Winter,* 258 Mich 293, 296, as follows:

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

Defendant Wood, by prearrangement with his associates, not only refused to disclose the identity of those who had cooperated in the publishing of the advertisement in his paper but, in addition, gave misleading information as to the number of persons involved, their interests and their positions in the community. Such statements could have no other purpose than to confuse and mislead the plaintiff. Concealment was deliberate, planned and affirmative in character and was intended to prevent the plaintiff from discovering those who had committed the alleged wrongful acts.

The record is clear that the defendant Phil Wood and the proposed defendants, Jack Ely, Willard Kime and Oscar Getz, combined to fraudulently conceal an alleged cause of action from the plaintiff and, under such circumstances, plaintiff is entitled to commence an action within a period of 2 years after the identity of those who had committed the alleged wrong was discovered.

The decision of the circuit judge denying plaintiff's motion to add parties defendant should be reversed and the case remanded for further proceedings in the circuit court in accordance with this opinion. Costs to await the outcome of the litigation.