# STATE OF MICHIGAN

# COURT OF APPEALS

MATTIE KING,

        Plaintiff-Appellant,

v

PARK WEST GALLERIES, INC., ALBERT
SCAGLIONE, MORRIS SHAPIRO, ALBERT
MOLINA and PLYMOUTH AUCTIONEERING
SERVICES, LTD.,

        Defendants-Appellees.

UNPUBLISHED
December 2, 2014

No. 314188
Oakland Circuit Court
LC No. 2011-117393-CZ

Before: SAWYER, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals from the trial court's order granting summary disposition to defendants. We reverse.

This case stems from a cruise plaintiff took in April of 1999 with her now deceased husband. While aboard the ship, plaintiff and her late husband decided to attend a shipboard auction put on by defendant Park West Galleries, Inc. During this auction, plaintiff purchased a complete set of Salvador Dali's Divine Comedy collection. This art collection was represented by Park West's auctioneer as a good investment that would increase in value over time. Further, defendant's auctioneer stated that these works had been signed by Dali. Plaintiff purchased the works at the auction for $165,000. Plaintiff, as part of the purchase, received certificates of authenticity and appraisals to ensure that representations made by Park West's auctioneer were accurate. Defendant Albert Scaglione, the CEO of defendant Park West Galleries, Inc., signed the documents, and they were mailed to plaintiff after the cruise was over.

After ten years of holding onto the collection of art, plaintiff decided to sell it in 2009. Unsure of how to sell the prints, plaintiff contacted Bruce Hoffman, who had previously shown interest in acquiring the art from her. Upon learning that the Dali works were from Park West, Hoffman informed plaintiff that Park West had recently been accused of forging signatures and advised her to get a new appraisal. Plaintiff then had her artwork looked at by an art advocacy group known as the Fine Art Registry; after the consultation, it was confirmed that the artwork was most likely a forgery.

-1-

Plaintiff filed suit alleging eleven different counts including: negligent misrepresentation, conspiracy, violation of the Michigan consumer protection act, conversion, intentional infliction of emotional distress, as well as other claims. Defendants successfully had all counts dismissed except for the fraudulent concealment and breach of warranty claims. Thereafter, defendants filed a second motion for summary disposition, seeking dismissal of the remaining counts. Defendants argued several reasons why they were entitled to summary disposition, but the main issue was that the period of limitations had already run on plaintiff's claim and she did not perform her due diligence to be entitled to a tolling of the period of limitations based upon fraudulent concealment. MCL 600.5855. Plaintiff stood by the tolling statute, claiming that fraud had prevented her from finding out that she did not have a real Dali signature. The court granted summary disposition to defendants on all of the remaining counts.

Plaintiff argues on appeal that the trial court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) because there is a dispute over the material fact of when discovery occurred or reasonably should have occurred. Plaintiff argues that she should be able to use MCL 600.5855 as a tolling mechanism to extend the statute of limitations because defendants fraudulently concealed the claim from her. Further, she argues that, because of defendants' knowledge of fine art, she was not negligent in relying on their promise that the art was real and the appraisal was fair. We agree.

We review summary disposition claims pursuant to MCR 2.116(C)(7) and (C)(10) de novo. *Detroit v 19675 Hasse,* 258 Mich App 438, 444; 671 NW2d 150 (2003). *Watts v Polaczyk*, 242 Mich App 600, 603; 619 NW2d 714 (2000). Plaintiff acknowledged that her claim has exceeded the statute of limitations which would have been six years from the time of purchase of her collections of Dali's Divine Comedy prints. She sought to use MCL 600.5855 as a tolling mechanism to extend the statute of limitations until 2009, when she found out her artwork was not signed by Dali as she thought. MCL 600.5855 reads as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

In order to toll the statute of limitations there are two factors that must be met. First, the party seeking to toll the applicable limitations period must show that there was an affirmative act on behalf of the concealing party that was aimed at preventing inquiry or hindering the acquirement of information disclosing a cause of action. *Sills v Oakland Gen Hosp,* 220 Mich App 303, 310; 559 NW2d 348 (1996). Defendants' affirmative act was to provide plaintiff with a certificate of authenticity, as well as an appraisal for each piece of artwork.

Second, the courts require that the fraud be of such a nature that, even through reasonable diligence, the defrauded party did not discover the claim within the statutory period. *McNaughton v Rockford State Bank,* 261 Mich 265, 269-270; 246 NW 84 (1933). In the trial court, defendants argued that plaintiff did not do enough to satisfy the reasonable diligence part

of the two-part test. *McNaughton* laid out "reasonable diligence" as the standard applied to persons wishing to toll the statute of limitations in a fraudulent concealment case. *McNaughton,* 261 Mich at 269. Michigan courts have decided that a party's duty of diligence must be viewed under a standard of reasonableness. *Doe v Roman Catholic Archbishop,* 264 Mich App 632, 653; 693 NW2d 398 (2004). The issues of concealment and diligence are questions of fact reserved for the jury. *Int'l Union United Automobile Workers of America v Wood,* 337 Mich 8, 13; 59 NW2d 60 (1953). The circuit court held that there was no genuine issue of material fact that precluded summary disposition and also held:

> [Ms. King's] complete inaction over the course of ten years cannot be excused based on representations [Park West] made in 1999. Although the issue whether a party exercised reasonable diligence can present a question of fact, . . . reasonable jurors could not differ on the fact that Ms. King failed to exercise any diligence with regard to the value or authenticity of her art.

In our opinion, the circuit court erred in making the determination that reasonable jurors could not differ whether or not plaintiff was reasonably diligent. If a material issue of fact exists, the jury must make a determination as to whether plaintiff was reasonably diligent. *Doe,* 264 Mich App at 654. The trial court ignored the documentary evidence that plaintiff supplied to show her claim that reasonable diligence was conducted, with plaintiff's reliance on the certificate of authenticity provided to her by defendant. The certificate of authenticity is the most important document in this case. Defendant contends that reliance on the certificate of authenticity by plaintiff showed that she did not conduct reasonable diligence. However, under MCL 442.322, an art merchant creates an express warranty as to the authenticity of art by providing a non-merchant buyer with a certificate of authenticity. Further, MCL 442.322(a) states that, when a written instrument is provided with fine art, it is "presumed to be part of the basis of the bargain and creates an express warranty of the authenticity of the authorship as of the date of sale or exchange." A certificate of authenticity is therefore a legal document that certifies that the artwork, and signatures, are exactly what they are represented to be. Any deviance from the authenticity of the statements made by that legal document are actionable as a breach of warranty.

Plaintiff next argues she had a viable claim of fraud against defendants. A party in Michigan that has a viable claim of fraud owes no duty of diligence to discover the claim. The circuit court erred in dismissing her case for lack of diligence, even though Michigan caselaw states that she did not have a duty to discover the fraud. The Supreme Court reasoned that a defrauded party had no duty to conduct diligence where that party was a victim of fraud. The Court cited to *Smith* in *Gard v Gard,* 204 Mich 255, 259; 169 NW 908 (1918), stating:

> [I]n cases involving fraud that it does not lie with one charged with fraud, who assumes to have knowledge of a subject of which another may well be ignorant, to claim that such other should have used greater diligence to discover the fraud, should have been more vigilant, less credulous.

In summary, plaintiff did not have a duty to defendants to conduct diligence because defendants defrauded her as to the validity of the artwork she purchased from defendants. We agree that she

-3-

should not be precluded from tolling the statute of limitations because she owed no duty to conduct diligence.

Lastly, plaintiff argues that the circuit court erred by dismissing the claims for breach of the warranty of quality. By providing a certificate of authenticity, which guaranteed the authorship of plaintiff's art, defendant made a representation that equates to a warranty of quality. The statute of limitations does not begin to run on a claim of breach of warranty until plaintiff discovered or reasonably should have discovered the claim. MCL 600.5833 outlines when the claim accrues:

> In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered.

Thus, an action for breach of warranty of quality is not time barred if plaintiff files suit within the normal statute of limitations after discovering her claims, which is two years. When plaintiff made it known that this art purchase was for investment purposes, she was relying on defendants' judgment as to the validity of Dali's signature. This created the implied warranty of quality that defendants breached with the fraudulent representation of the signatures. We agree.

Defendants also argue two issues that were not raised in the lower court. First, as an alternative ground for affirming the circuit court's order, defendants argue that plaintiff lacked standing to assert her claims because the purchases were made by her late husband. However, in order for an issue to be preserved for appeal, the issue must be raised, addressed, and decided by a trial court. *Fast Air, Inc v Knight,* 235 Mich App 541, 549; 599 NW2d 489 (1999). Second, as an alternative ground for partially affirming the circuit court's order, defendants argue that summary disposition on all claims against Morris Shapiro and Albert Molina was appropriate because plaintiff did not allege any claims against them. In plaintiff's deposition she stated that she did not know why she was suing either Shapiro or Molina. But these issues were not preserved for appeal, therefore we decline to address them.

Reversed. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood